# FIRST DISTRICT, 1901.

## H. MASTERSON v. J. H. BURNETT· ET AL.

### Decided December 7, 1901.

**1.—Parol Evidence—Deed and Mortgage as One Transaction—Notice.**

Parol evidence is admissible to show that a deed reciting the consideration as fully paid, together with a deed of trust to secure a loan, constituted one transaction whereby the purchaser took the land and executed such lien to secure payment of the purchase price, and such evidence is not inadmissible against a prior judgment creditor of the purchaser because he was not shown to have had notice of the transactions.

**2.—Judgment and Purchase Money Liens—Priority.**

Where a judgment debtor acquired land by a deed reciting the consideration as paid, but at the same time gave his vendor, by a separate mortgage not referring to the deed, a lien to secure part of the purchase price, the lien of the judgment creditor attached only to such interest as the purchaser actually acquired, that is the title to the land burdened by the mortgage lien.

**3.—Same—Registration Statutes Not Applicable.**

The registration statutes do not apply where, by reason of the nature of the interest asserted as superior to the judgment lien, it was incapable of prior registration.

**4.—Same—Subsequent Execution Purchaser—Want of Notice.**

There being no finding by the court that defendant, a subsequent purchaser of the land at execution sale, had not notice at the time he purchased of the facts and nature of the debtor's purchase and title, a judgment in favor of plaintiff and the priority of the mortgage lien for purchase money was justified.

**5.—Practice on Appeal—Presumption.**

Where defendant, who was a subsequent purchaser at execution sale under his own judgment, testified that he credited the amount of his bid on the judgment, and the court found that the question whether he had notice of the existing mortgage lien for purchase money was immaterial, it will be presumed on appeal, in support of the judgment, that the court found that he was not a bona fide purchaser for value.

Appeal from Harris.   Tried below before Hon. W. H. Wilson.

*H. & A. R. Masterson,* for appellant.

*Ewing & Ring* and *J. R. Burnett,* for appellees.

GILL, ASSOCIATE JUSTICE.—This was a suit by appellee, J. H. Burnett, against W. B. Turner, J. O. Ross, trustee, and the appellant, H. Masterson, to foreclose a mortgage deed of trust upon four certain tracts of land in Harris County, one designated as Day Land and Cattle Company survey, another as J. H. Burnett survey, and the two others as sections 6 and 8, Washington County Railroad Company surveys, off of

each of which 100 acres had been sold, leaving a remnant of 540 acres each. The foreclosure was resisted by the defendant, H. Masterson, on the ground that he had become the owner of the land under an execution sale against the debtor, W. B. Turner, which it was claimed had been made in virtue of a judgment lien that was prior and paramount to the lien of the mortgage deed of trust. The court, trying without a jury, sustained the defense as to the first named two tracts, but denied it as to sections 6 and 8, giving judgment for the full amount of the mortgage debt, principal and interest, against the debtor, W. B. Turner, and foreclosing the mortgage lien on such sections, less the sold portions thereof, against him and the other defendants. From this judgment the defendant, H. Masterson, has alone appealed. The facts are as follows:

On February 14, 1899, J. H. Burnett conveyed to W. B. Turner, by two deeds of that date, for a recited cash consideration, the first above mentioned two tracts of land, being the two designated as Day Land and Cattle Company and J. H. Burnett surveys, respectively, which deeds were filed for record on April 7, 1899. The mortgage deed of trust was not executed until April 5, 1899, and previous to its execution the judgment lien to be noticed had attached to such tracts; hence as to them the defense urged was allowed to prevail.

On March 7, 1899, the appellant, H. Masterson, obtained judgment against W. B. Turner for the sum of $1166.32, besides interest, and caused an abstract of the judgment to be duly recorded, indexed and cross-indexed, in Harris County, March 9, 1899. At this time, W. B. Turner had no interest in said sections 6 and 8, nor did he acquire any until April 5, 1899, at which time the mortgage deed of trust was contemporaneously executed.

The trade by which Turner acquired from Burnett the sections 6 and 8, less the sold-off portions, was, in substance, that Burnett would convey such tracts to Turner in exchange for other lands, estimated in value at $16,200, and also lent him $7500 on the security of such tracts, and that Turner would convey to Burnett the other lands, valued as stated, for such tracts, and also execute to him a mortgage deed of trust on the latter to secure the $7500 loan. The consideration on the one part was the acquisition of such tracts and obtaining the loan of $7500, and it was, on the other part, the acquisition of the exchanged property and the obtaining of the mortgage interest in such tracts as security for the loan. The conveyances and mortgage deed of trust bore the same date, to wit, April 5, 1899, were simultaneously executed and delivered between the same parties, and were filed for record at the same instant of time, to wit, at 11:40 o'clock, forenoon, on April 7, 1899.

The mortgage deed of trust bore date, as above stated, April 5, 1899, and secured the payment of three notes, of even date, for the principal sum of $2500 each, bearing interest at 8 per cent per annum from their date, and providing for 10 per cent attorney's fees in case of default in payment. The loan of $7500 was made by J. H. Burnett, as agreed,

the appellant, H. Masterson, being present when the money was paid over, and actually receiving $3000 of the money on a debt owing him by Turner, but he was not present when the instruments were executed and delivered.

After Turner acquired the unsold parts of sections 6 and 8, executions were run on the aforesaid judgment in favor of H. Masterson against W. B. Turner, under which such unsold parts of said sections were sold and conveyed by the sheriff, on June 6, 1899, to one J. M. Cobb, who conveyed the same to appellant J. H. Masterson, to whom Turner afterwards executed a confirmation deed. H. Masterson, under like execution sales, also acquired the other tracts hereinbefore mentioned, but as they are not involved in this appeal they will not be noticed further.

The trial court found that the deed of Burnett to Turner and deed of trust sued on were executed at the same time. That the loan on the one hand and the execution of the deed of trust on the other were a part of the consideration moving the parties to make the exchange and without which the trade would not have been consummated. That the two instruments constituted an indivisible transaction by which the land passed to Turner burdened with the lien created by the deed of trust. He found also that Masterson, at the date of the transaction between Burnett and Turner, had no knowledge or notice of the mortgage on the land to Burnett, and at that time Masterson's judgment had been duly abstracted and recorded. As to whether Cobb had notice of the facts of this transaction when he bought the two tracts of land at execution sale and as to whether he acted for himself or for Masterson in making the purchase the court did not find, nor is there any finding as to whether Masterson, prior to the time when he acquired the land, had learned of the nature of the transaction between Burnett and Turner, or had become possessed of facts which should have put him upon inquiry.

Appellant complaining of the judgment of the trial court makes, by his assignments of error, the following questions:

1. Did the court err in permitting Burnett to show by parol that the two instruments above named were executed and delivered at the same instant of time; that each was a component part of an individual transaction; and that the loan of the money by Burnett to Turner and the execution by the latter of the deed of trust to secure the payment of same entered into and become a part of the consideration so that the transaction would not have been made but for them?

2. If it be conceded that it was proper to resort to parol proof for such a purpose, were the two instruments of such a nature (the one being a deed reciting the consideration fully paid and the other a mortgage to secure a loan) as to be susceptible of a blending into a single and indivisible transaction?

3. Inasmuch as the court found that he had no notice of the arrangement between Burnett and Turner at the date of the transaction and at the date when his judgment lien took effect, could his lien be properly postponed to the lien of the mortgage?

4.   The deed of trust being an instrument capable of being placed of record, could it take precedence over the judgment lien in the absence of a proper record of it prior to the attaching of the judgment lien?

The questions thus stated embody our conception of the questions presented by appellant's brief.   We will not therefore take up and dispose of the assignments of error in detail.

Did the court err in permitting Burnett to establish by parol the unity of the transaction, the deed and the deed of trust failing to disclose fully the relationship of each to the other?   A deed absolute on its face, but in fact made as a security for a debt, is held to be a mortgage. Its real nature may be shown by parol, and the owner of a judgment lien prior in date can not successfully assert it against the real owner of the land if he have notice of the true state of the title before foreclosure, nor can the purchaser at execution sale prevail against it unless he is a purchaser for value without notice.   Michael v. Knapp, 4 Texas Civ. App., 264.

We are unable to perceive any distinction in principle between the case supposed and the case before us, so far as this question is concerned. It is also generally true that the consideration supporting an instrument may be shown by parol.   Though a deed recites a cash consideration paid in full, it may be shown as between the parties and those having notice that such consideration was in fact not paid.

These propositions are not questioned, and  it would follow, it seems to us, that if the loan and the trust deed were in fact a part and parcel of the sale of the land to Turner constituting a material part of the consideration moving to the bargain, it was proper to permit plaintiff to establish the fact by parol.   The assignments predicated upon this phase of the case and assailing the action of the court in admitting parol and other evidence upon the issue can not be sustained.

Appellant, however, contends that the evidence should have been excluded because he had no notice of the details of the transaction.   In reply to this, it is sufficient to say it is always permissible for a person to establish the existence of the facts, when in order to maintain his rights it devolves on him to visit notice of such facts on the adverse party.   How can notice of the facts be shown unless the existence of the facts themselves is first established?   Here it was necessary not only that Burnett should show the unity of the transaction represented by the two papers, but to show that appellant had notice thereof, or was in possession of facts which should have led to such knowledge prior to the acquisition by appellant of his rights under the purchase at execution sale.

Does the proof sustain the finding of the court that the two instruments were component parts of the same transaction?   It is shown by the record that the tract of land exchanged by Turner to Burnett for the land in controversy was, prior to the exchange, incumbered by a mortgage to Burnett growing out of a former transaction.   Turner wished to borrow money, but could not raise it on the security of his incumbered

property. He had gone to appellant and sought to secure a loan, and appellant had agreed to lend him $6000 on the unincumbered land he was to get from Burnett, and actually advanced him $3000 a short time before the Burnett transaction. Turner stated to appellant that he would take the other $3000 and secure him for the whole sum by mortgage on the land he was to get from Burnett, unless he could get a greater loan from Burnett himself. Propositions were exchanged between Turner and Burnett, and when Turner learned that Burnett would lend him $7500, he advised appellant of the fact, stating that he would return the $3000 out of the money received on the proposed Burnett loan. Burnett testified that he would not have made the exchange unless he could make the loan secured as it was. Turner testified that he would not have made the exchange unless he could also procure the loan. The testimony as to the nature and incidents of the transaction are undisputed, and $3000 of the Burnett loan was paid to appellant at the request of Turner to repay the $3000 due appellant by Turner. .

We know of no principle of law forbidding the making of a secured loan a part of the consideration of a sale or exchange of land. In this instance Burnett could have lawfully refused to make the exchange unless Turner would borrow the money which he (Burnett) had to loan, and secure him with the land exchanged. Turner could lawfully have refused to make the exchange unless the loan accompanied it. In either of these events Turner would have acquired no interest in the land to which the judgment lien of appellant could attach, either as a primary or secondary charge thereon.

We are of opinion the facts justified the conclusion of the trial court that the deed and mortgage constituted one transaction. Appellant contends, however, that the mortgage deed of trust could not have taken effect until the title passed to Turner by the deed, and that this was accomplished by the deed itself, and that as the trust deed was subject to registration and was junior both in point of date and record to the judgment lien, it should not be given priority over the judgment lien, especially in the absence of notice to appellant at the time the lien took effect.

Appellee contends that since the two instruments are shown to be one and the same transaction, the land passed to Turner burdened with the lien of the deed of trust, and that the lien of the judgment attached only to such interest as Turner actually acquired; that is to say, the title to the land burdened by the lien of the mortgage. Appellant, in support of his contention, relies largely upon the case of Wiel v. Casey, from the Supreme Court of North Carolina, 34 Southeastern Reporter, 506. In that case one Casey bought from Raynor a tract of land, and at the same time executed to Wiel Brothers a mortgage thereon to secure the money advanced by Wiel Brothers to pay the purchase money and another debt incurred at a prior date. The parties sought to make it one transaction. The court, in disposing of the question, held that a mortgage executed simultaneously with the delivery of a deed from the grantor to the mort-

gagor for another consideration than the purchase money of the land conveyed, and to a person other than the grantor, would not hold good as against a judgment in existence at the date of the delivery of the deed and the lien of which immediately attached. The case cited is, it seems to us, easily distinguished from the case before us. In the case cited the mortgagee was not in privity with the vendor and was not a party to the contract of sale. The transaction between him and the vendee was in its very nature separate and distinct from the sale of the land. The vendor did not undertake to reserve any interest to himself, but explicitly parted with all interest in the transaction. The mortgagee was in no better position than if, prior to that sale, he had taken a mortgage from the mortgagor upon all the lands he might thereafter acquire, the supposed mortgage being junior to the judgment lien. Such a provision in a mortgage is held to be valid, and the lien thus created attaches to all subsequently acquired real estate the instant the title passes to the mortgagor, and is superior to all liens of junior date. Irrigation Co. v. Garland, 164 U. S., 1; Railway v. Hamilton, 134 U. S., 296; Trust Co. v. Kneeland, 138 U. S., 414; Railway v. Cowdrey, 11 Wall., 459.

Garland's case, supra, distinctly holds that a prior mortgage containing the "after acquired property clause" could not prevail against a junior lien on after acquired property if the property passed to the vendee burdened with the lien. Our own courts have recognized the rule and applied it in many cases. Thus, a vendor's lien will prevail over a judgment lien prior in date, and this though in the nature of things the instrument evidencing the facts creating the vendor's lien could not possibly be placed of record prior to the attaching of the judgment lien. (This unless the rights of a bona fide purchases for value without notice intervened.) It is also held that the registration laws do not apply to such a state of facts. Bailey v. Tindall, 59 Texas, 541; Ellis v. Singleterry, 45 Texas, 40. In this connection it is well to discuss a few of the Texas cases which in our judgment announce the doctrine which after all must control us in determining this appeal.

In Wallace v. Campbell, 54 Texas, 87, it is held that the party claiming under a judgment lien acquires his rights at the date of the attaching of the lien, and such rights are not affected by subsequent notice that the interest of the debtor in the property against which the lien is sought to be enforced is apparent and not real. It is, in effect, held in that case that unless the holder of the asserted lien has notice of the true state of the title at the date the lien attaches to the apparent interest, notice prior to execution sale will not serve to postpone the judgment lien to the outstanding equity, even though it is of such a character as is not susceptible of record. We are not aware that this decision has been overruled in terms, but the doctrine has been limited to the particular case in which it was announced. Bailey v. Tindall, supra. In Senter v. Lambeth, 59 Texas, 259, it is held that a vendor's lien in a form incapable of record will be allowed to prevail over a

judgment lien prior in date, and that such liens as against claims or liens incapable of record take effect only upon the actual interest of the judgment debtor in the land sought to be charged. It is distinctly announced in that and the other cases cited below that the laws of registration do not apply. McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Blankenship v. Douglas, 26 Texas, 229; Stoker v. Bailey, 62 Texas, 299; Ross v. Kornrumpf, 64 Texas, 390; Yoe v. Montgomery, 68 Texas, 338; Overstreet v. Manning, 67 Texas, 657.

We understand from the doctrine announced in the cases last cited that the laws of registration do not apply where by reason of the nature of the interest asserted as superior to the judgment lien it was incapable of prior registration; that a judgment lien attaches only to the actual interest of the debtor in the property sought to be charged; that a judgment lien is allowed to prevail over liens of prior date only by force of the registration laws, and where these have no application, the lien will not be allowed to prevail unless the party asserting under the judgment lien has acquired the property at execution sale under circumstances which make him a bona fide purchaser for value without notice of the unrecorded equity or claim; that notice of the facts at any time before the sale will postpone the rights of the purchaser to the rights of the actual owner or the owner of the right or lien with which the land was burdened when it passed into the debtor's hands; that a creditor who purchases at his own execution sale and credits his bid on his pre-existing debt is not a bona fide purchaser for value within the meaning of the rule, and since his position has not been changed to his detriment by reason of the purchase he can not successfully assert the title thus acquired against the owner of a right which if the element of notice were present would defeat the asserted title. Ayers v. Dupree, 27 Texas, 606.

We are of opinion the court did not err in permitting Burnett to establish the actual facts by evidence aliunde the deed and deed of trust. We also think the court was amply justified in holding that the transaction between Burnett and Turner as to the land involved on this appeal was a transaction one and indivisible, and that the title to the land went into Turner burdened with the lien of the deed of trust. While it is true the deed of trust was such an instrument as was capable of registration, it was not, under the circumstances, susceptible of registration prior to the attaching of the judgment lien. The lien attached instantly upon the delivery of the deed, to whatever interest Turner thereby acquired, and of course it took some time to place the deed of trust in the hands of the clerk for record. We think the interest of Burnett evidenced by the deed of trust was in the light of the transaction of such a nature as to come fairly within the category of rights or equities incapable of registration.

The case can, therefore, be affirmed upon two grounds. The court found that at the date of the Burnett-Turner transaction Masterson

had no notice of the details of the trade, but he did not find that either Masterson or Cobb had no notice prior to the purchase at execution. There was no request for additional findings, nor does appellant insist that the court erred in failing to find that neither he nor Cobb had notice of the facts at the date of the execution sale. If they had such notice, the judgment of the trial court is correct on this theory, for the court might well have found that there were facts and circumstances in their possession which should have put a reasonably prudent man on inquiry.

Second. The court distinctly finds that under the facts whether or not Masterson had notice is immaterial. What is meant by this is not clearly expressed in the court's findings, but in view of Masterson's testimony to the effect that he paid up the costs and credited the bids on his judgments, we may infer in favor of the validity of the judgment that the court found, under well settled rules of law, that Masterson was not a bona fide purchaser for value, and this conclusion is sustained by the record.

We are of opinion the judgment of the trial court is correct, and since we have found that no reversible error was committed during the trial, the judgment is affirmed. The grounds upon which the appeal is disposed of render it unnecessary for us to notice appellee's cross-assignment of error.

*Affirmed.*

Writ of error refused.