### NEW YORK METAL CEILING CO. v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

CONTRACTS (§ 164*)—CONSTRUCTION.

    An accepted proposal to furnish sheet metal work, "consisting of ceilings, side walls, and wainscotings," and a letter delivered contemporaneously with it, which recognizes that the work contracted for is "interior sheet metal work," will be read together for the purpose of showing that the proposal only covers interior work.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 746–748; Dec. Dig. § 164.*]

    Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the New York Metal Ceiling Company against the City of New York and others. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Uriah W. Tompkins, for appellant.

Charles H. Fuller, for respondents.

SCOTT, J. Appeal from a judgment in an action to foreclose a mechanic's lien. The complaint was dismissed at the close of the plaintiff's case upon the ground that it had not completed all the work which it contracted to do. The defendant Snare & Triest Company was general contractor with the city of New York for the erection of a ferry house at St. George on Staten Island. The city's specifications included two articles, numbered, respectively, 177 and 178, and the latter of which read as follows:

"The interior sheet metal work will include the lining of the walls of the truck depot, cab stand, baggage, express, boiler, and dynamo rooms, and post office spaces, and the walls of the concourse, the walls of all rooms, lobbies, closets, and toilets in the four projecting buildings to the east of the main structure, including all partition surfaces, pilasters, beams, panel stiles, and other features in these buildings, and the entire walls of the platforms over the cab stand, baggage, express, post office, dynamo, and boiler room spaces."

It was testified to, and not denied, that plaintiff did all of the work specified in article 178, with the exception of one or two walls that were omitted and in place of which other work was done. As to these

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

omissions no point is made; respondent's contention being that its contract with plaintiff included, as well as the work specified in article 178, the exterior wall surfaces specified in article 177. The contract between the parties consisted of a written proposal by plaintiff and its acceptance by respondent. The proposal read as follows:

"This company agrees to do the following described metal ceiling work, covering, in accordance with the specifications following, those parts or portions of the building above referred to, which may be more particularly described as follows, to wit: To do all the stamped, crimped, and corrugated sheet metal work, consisting of ceilings, side walls, and wainscotings where required as called for in plans and specifications for the new ferry house and other structures appurtenant thereto in connection with the new St. George Ferry terminal, at St. George, S. I., borough of Richmond."

This proposal, having been signed by plaintiff on May 24, 1906, was signed by respondent and returned to plaintiff on May 26th, with a letter from respondent reading (so far as material) as follows:

"We accept your estimate of May 24, 1906, to do all the interior sheet metal work called for in the plans and specifications for the new ferry house," etc.

The plaintiff's contention is that its proposal only covered the interior work, and we think that the reading of the proposal bears out this claim. It proposed to do "ceilings, side walls, and wainscotings." Ceilings and wainscotings obviously refer to interior work, and when the word "side walls" is used in conjunction with them it should also be read as referring to work of a similar character; that is to say to interior work, to which it is certainly applicable. It is true that the exterior walls are also in a sense "side walls," because they are on the sides of structures; but, if such walls were intended, it would be inappropriate to enumerate them between ceilings and wainscotings. Any doubt upon the subject, however, seems to be set at rest by respondent's letter, which was delivered contemporaneously with the accepted proposal, and should be read as part of the contract and as explanatory thereof. This distinctly recognizes that the work contracted for was "interior sheet metal work."

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, McLAUGHLIN, and HOUGHTON, JJ., concur. LAUGHLIN, J., dissents.