ENGINEER CO v. HERRING–HALL–MARVIN SAFE CO.

(Supreme Court, Trial Term, New York County. April 24, 1912.)

1. CONTRACTS (§ 164*)—CONSTRUCTION—CONTEMPORANEOUS AGREEMENTS.

Where a letter and an agreement were dated the same, signed at the same time, and referred to the same subject-matter, they were to be construed together, to determine the contract between the parties.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 746–748; Dec. Dig. § 164.*]

2. CONTRACTS (§ 277*)—CONSTRUCTION.

A party who agreed to install a draft system in a boiler room, but only on notice from the other contracting party, was not called upon to perform the contract, where no notice was given him.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1217–1232; Dec. Dig. § 277.*]

Action by the Engineer Company against the Herring-Hall-Marvin Safe Company. Complaint dismissed.

J. W. Monk (Nathan D. Stern, of counsel), for plaintiff.
Shearman & Sterling, for defendant.

NEWBURGER, J. [1] After some negotiations and correspondence between the parties, the defendant, by its authorized officer, signed a contract whereby the plaintiff was to install a draft system in the defendant's boiler room. Accompanying the contract the defendant sent a letter to the plaintiff as follows:

"New York, April 30, 1908.

"The Engineer Co., Mr. R. E. Fox, Jr., Secretary, Trinity Building, City— Gentlemen: I enclose herewith signed contract for the installation of your balanced draft system in our Hamilton, Ohio, power plant, specified in your proposal of recent date, this to take care of our capacity of 900 h. p. You agree to effect a saving of 15 per cent. in our present cost of fuel and to increase the capacity of our boilers 25 per cent. Purchase price, $3,000. I am signing this contract, however, with the distinct understanding, as provided in our conversation with your secretary, Mr. R. E. Fox, Jr., that this work

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is not to be started in any way, shape, or manner until you are directed so to do by us. This means that you are to incur no obligation in the way of preparation of materials for the installation until such time as I advise you. We are not prepared at the present time to have your system installed, and will not be until I give you further notice. I also sign with the understanding that there may be some change in the question of terms, which will be subject to our mutual agreement. If the contract signed under these conditions is satisfactory to you, will you kindly note same by approving one of the copies attached and mailing it to me.

"Very truly yours,                    C. U. Carpenter, President.
"C. U. C.—A. H. W.   Enc.
"O. K.  R. E. Fox, Jr.  May 7, 1908."

This letter is dated April 30th, the date of the contract. The plaintiff through its secretary, acknowledged receipt of this letter and returned a copy signed by him. As the letter and agreement were signed at the same time and referred to the same subject-matter, they must be read together, and whatever the parties meant must be gathered from the language used, both in the contract as well as in the letter accompanying it. See People v. Gluck, 188 N. Y. 172, 80 N. E. 1022; Kratzenstein v. Western Assur. Co., 116 N. Y. 54, 22 N. E. 221, 5 L. R. A. 799.

[2] It is apparent, therefore, that the time of performance of the contract was conditioned upon notice to be given by the defendant. It is conceded that no such notice was given, and that the plaintiff was not called upon to perform the contract. I am of the opinion that this action was prematurely brought, and therefore the complaint must be dismissed.