CLEVELAND et al. v. STANLEY.

(No. 5486.)

(Court of Civil Appeals of Texas. San Antonio. June 16, 1915.)

1. CANCELLATION OF INSTRUMENTS ⊙⟳37— ACTIONS—PLEADING—FRAUD.

An averment that a false representation was made to plaintiff that the deed from himself and his wife, on which defendants based their title, had a flaw in it, and that by such fraudulent representation he was induced to convey his life estate, when he did not deem the conveyance affected it, is sufficient to show fraud.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66–80; Dec. Dig. ⊙⟳37.]

2. DEEDS ⊙⟳99—CONSTRUCTION—INTERESTS.

A written agreement made as part of the same transaction and involving the execution and delivery of a deed will be construed with the deed, and may be sufficient to show a life estate.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 261–265; Dec. Dig. ⊙⟳99.]

3. PLEADING ⊙⟳34 — PETITION—CONSTRUCTION.

Where no special exceptions were urged, every intendment will be indulged in favor of the petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ⊙⟳34.]

4. VENDOR AND PURCHASER ⊙⟳230—INNOCENT PURCHASERS—ADVERSE INTEREST.

Where plaintiff's life interest was recognized in a deed which was part of defendants' chain of title, defendants are charged with knowledge of such interest.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. ⊙⟳230.]

5. APPEAL AND ERROR ⊙⟳501—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where the bill of exceptions did not show that defendants objected to the refusal of requested charges, the refusal cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. ⊙⟳501.]

6. CANCELLATION OF INSTRUMENTS ⊙⟳37— PLEADING—EFFECT.

A deed cannot be set aside on grounds not pleaded.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66–80; Dec. Dig. ⊙⟳37.]

7. DEEDS ⊙⟳211—ACTIONS TO SET ASIDE— EVIDENCE—SUFFICIENCY.

In a suit to cancel a deed, evidence held insufficient to show that defendants made the misrepresentations relied upon.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 637–647; Dec. Dig. ⊙⟳211.]

Appeal from District Court, San Jacinto County; J. Llewellyn, Judge.

Action by J. Stanley against J. C. Cleveland and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

J. M. Hansbro, of Cold Springs, and Dean, Humphrey & Powell, of Huntsville, for appellants.

MOURSUND, J. This was an action by Jack Stanley against J. C. Cleveland and L. M. Kuykendall, to set aside a deed on the ground of fraud and to recover rents, although the petition contained the formal allegations of a suit in trespass to try title. Plaintiffs based their right to recover upon an agreement made by W. O. Stanley at the time they conveyed to him the premises in controversy, alleging that by such agreement, which was separate from the deed, they reserved a life estate in the premises. They also alleged that when W. O. Stanley conveyed the premises to J. O. Bartee "plaintiff's and his wife's life estate in said premises was duly raised"; that the remainder in said premises passed through several persons, among them defendant L. M. Kuykendall, who afterwards sold and conveyed the same to defendant J. C. Cleveland; that at the time of the sale by Kuykendall to Cleveland said parties came to plaintiff and falsely represented that there was a flaw in the deed from plaintiff and wife to W. O. Stanley, and asked them to make a new deed to Kuykendall; that they executed a deed which Cleveland falsely represented did not affect their life estate, but which, in fact, conveyed said life estate; that they relied upon and were induced by such false and fraudulent representations to sign the deed. In addition, the petition contained various allegations concerning the inability of plaintiff and his wife, on account of old age and infirmities, to hear well and to read.

Defendants filed separate answers, each consisting of a general demurrer and a general denial. The case was submitted upon special issues. Instead of submitting issues with respect to the allegations pleaded, the court submitted the general issue whether Cleveland was guilty of fraud in procuring the execution by plaintiff and his wife of the deed dated September 8, 1910. He also submitted issues requiring the jury to find whether J. Stanley intended to release his right to collect rents; whether Cleveland thought that plaintiff and wife understood that they were releasing their right to collect rents; whether Cleveland believed that Stan-

ley and wife intended to release the property from their claim for rents. All questions were answered in favor of plaintiffs, and the jury found that the reasonable rental value of the premises for 1912 and 1913 was $150.

Judgment was entered for plaintiff against Cleveland for $150 rent, and against Kuykendall and Cleveland canceling the deed described in the petition.

By the first assignment complaint is made of the overruling of the general demurrer to the petition.

[1] Appellants contend that the allegations are not sufficient to show fraud. It is alleged that a false representation was made to the effect that there was a "flaw" in the deed from J. Stanley and wife to W. O. Stanley, and another to the effect that the deeds sought to be set aside did not affect the life estate owned by plaintiff and his wife in the premises. These allegations, when tested by a general demurrer, are sufficient, we think, to show fraud, when taken in connection with the other allegations. We gather also from appellants' argument, for no propositions are submitted under this assignment, that they also contend that the allegations are insufficient to show the existence of a life estate in plaintiff.

[2-4] But in this connection it is to be noted that it is not alleged that the separate agreement wherein the life estate is alleged to have been reserved was made verbally. The allegation would admit proof of a written agreement. A written agreement, made as a part of the same transaction, involving the execution and delivery of the deed, would be construed in connection with the deed, and be sufficient to show a life estate. Giving the allegation concerning the deed from W. O. Stanley to Bartee every reasonable intendment, it is sufficient to show that said life estate was recognized and mentioned in such deed. This would put all future purchasers on notice of its existence. Kuykendall's and Cleveland's knowledge thereof is expressly alleged. The petition is not well drawn, but no special exceptions were urged thereto, and when every reasonable intendment is indulged in favor thereof we think it states a cause of action. The assignment is overruled.

[5] The second and third assignments of error complain of the refusal to give special charges. An examination of the bills of exception shows that they do not state that the defendants excepted to the court's ruling in refusing to give said charges. The assignments must therefore be overruled.

The fourth assignment is to the effect that the court erred in his general charge to the jury, as per bill of exception No. 2. This assignment is too general, and will not be considered. The bill of exceptions does not aid the assignment, when referred to, for it shows that various exceptions were urged to the special issues, and fails to show that the court's action in overruling said exceptions was excepted to.

The questions sought to be raised in the fifth assignment do not arise under the pleadings in this case. No reservation of rent was pleaded, but it was pleaded that a life estate was owned by plaintiff and wife. The assignment is overruled.

[6, 7] The sixth assignment questions the sufficiency of the evidence to show fraud. The plaintiff J. Stanley testified as follows:

"This deed you show me from me and my wife to Mr. Kuykendall was brought to me to be signed by Maj. J. C. Cleveland and Martin Kuykendall. When they came there I was eating dinner, and they rode up and I asked them down, and they said, 'No,' they were in a hurry and wanted to see me. I walked outside of the gate, and the Major told me, 'I am buying this land from Martin, and there is a little flaw in the deed, and I want to get you and your wife to sign it, and that will knock it out and make it good,' and I asked, 'What sort of flaw is it?' and he said, 'Just a little flaw,' and I asked him to read the deed, and he started to reading, and I said, 'Read it slowly,' and he read it over to me, and I don't know nothing about a deed no ways, but I couldn't see anything wrong in the deed, and after he read it over I said, 'Major, are you buying that land from Martin knowing that me and my wife have a life interest in it?' and he said, 'Yes,' and I said, 'I suppose that Martin told you that,' and he said, 'Yes, that is what he told me.' I told him then that I would sign the deed, but I didn't know that it was a deed to undermine me and take what I had, and I signed the deed, and my wife signed, and after we signed it he said something about putting a house of some kind on it, and I said, 'Major, by the time you pay me rent on that land as long as Martin did I expect you will want to sell it too.' That land was the only source of income I had, and of course, if I had known that I was selling my interest in it, I wouldn't have signed it. I will be 80 years old the 11th day of next November, and my wife is between 74 and 75 years old. I would not have signed that deed if I had known I was signing my rights away. I cannot hear good, nor can I see good. I cannot read that paper, nor can I read any paper at all; I could if I could see."

This testimony does not show that Cleveland represented that the deed from J. Stanley and wife to W. O. Stanley had a flaw in it. The witness fails to mention what deed he is talking about, and, in fact, it is evident that he uses the word "deed" as a synonym for "title." The deed to W. O. Stanley needed no correction to pass all title held by J. Stanley and wife, and that fact was recognized by Cleveland. The deed which contained a reservation constituting, in the opinion of Cleveland, a flaw in the title, was the one from W. O. Stanley to Bartee. The testimony fails to show that Cleveland represented to J. Stanley that the deed sought to be set aside did not affect the so-called life estate in the premises. It is not pleaded that Cleveland fraudulently concealed the fact that the deed conveyed all title owned by the grantors, and, if it had been pleaded, the evidence shows that it was read over to J. Stanley, and he heard what its contents were. If J. Stanley's testimony be taken as true, it shows that he executed the deed sought to be set aside under a mistake as to its legal effect, which mistake was known to

exist by Kuykendall and Cleveland, and they failed to disclose to Stanley that he was mistaken. No cause of action based upon mistake of law is pleaded, so we express no opinion upon the question whether the testimony, if based upon proper pleading, would authorize equitable relief. The evidence wholly fails to show that the alleged false representations pleaded were, in fact, made, and the sixth assignment is therefore sustained.

In this connection we will say that the evidence also fails to show that plaintiff and his wife reserved, in a verbal agreement, or that there was reserved for their benefit in the deed to Bartee, a life estate in the premises. The evidence shows that W. O. Stanley made a verbal agreement in consideration of the absolute deed to him to pay to his father and mother one-fourth of the crops raised on the premises as long as they lived. No such agreement was pleaded, and we therefore refrain from discussing the legal effect thereof.

The deed from W. O. Stanley to Bartee contains the following provision:

"It being expressly agreed and understood by all parties that the said J. Stanley and wife are to have the use or rent off the above-described cultivatable land during their lifetime."

This provision, we think, does not constitute a reservation of a life estate, but is a covenant to pay rent. Its legal effect will also not be discussed, because it was not pleaded.

The seventh assignment is too general, and will not be considered.

The judgment is reversed, and the cause remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes