LAWTON v. NESBIT. (No. 6084.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918.)

1. CONTRACTS ⏀164 — CONSTRUCTION — CONSTRUING INSTRUMENTS TOGETHER.

Two or more writings, executed contemporaneously between the same parties, and in reference to same subject-matter, must be deemed one instrument, and as forming the same contract.

2. EVIDENCE ⏀441(1) — PAROL EVIDENCE — SEVERAL WRITINGS FORMING ONE CONTRACT.

Parol evidence is admissible to prove that two or more writings executed contemporaneously constitute but one contract.

3. CONTRACTS ⏀164—CONSTRUING WRITINGS TOGETHER.

Where agent on cancellation of contract of agency gave principal release in full, but contemporaneously therewith principal in consideration of cancellation of contract agreed to sell agent an automobile at a reduced price, the receipt must be considered, together with the other agreements made at same time, as part of one contract, and cannot defeat agent's right to the car at the agreed price.

4. EVIDENCE ⏀450(5) — PAROL EVIDENCE — NATURE OF AGREEMENT.

Where agent gave principal a release in full upon termination of contract, and principal contemporaneously therewith signed contract agree-

ing to sell agent an automobile at a reduced price in consideration of release by agent of all claims against principal, parol evidence was admissible to explain any conflict between the two writings when read together as part of one contract.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. T. Nesbit against E. W. Lawton. Judgment for plaintiff, and defendant appeals. Affirmed.

Taliaferro, Cunningham & Birkhead and Augustus McCloskey, all of San Antonio, for appellant. Claude J. Carter, of San Antonio, for appellee.

MOURSUND, J. W. T. Nesbit sued E. W. Lawton, alleging that they had entered into a certain written contract on April 15, 1916, by which Nesbit became sales agent for the Oldsmobile automobile, and that he had expended sums under said contract amounting to about $400; that on or about May 31, 1916, the contract was cancelled by mutual agreement, and in order to reimburse Nesbit, and in consideration of the cancellation of said contract, Lawton contracted in writing to deliver to Nesbit, in San Antonio, Tex., one Oldsmobile car, model 44, out of the first cars received, for the sum of $945.-25; that Nesbit, relying on such contract, entered into a contract with J. H. Green to sell him said car for $1,285, which sum was alleged to be the market value of the car; that Lawton received a shipment of cars about August 4, 1916, but when Nesbit, through his son and agent, W. E. Nesbit, presented said contract and Nesbit's check for $945.25 to Lawton, and demanded a car, Lawton took the contract and tore it to pieces and refused to deliver the car. Nesbit alleged his damages at $330.75 by reason of such breach of contract on the part of Lawton.

Lawton answered by general demurrer, general denial, and a plea—

"that on or about May 31, 1916, for a valuable consideration, defendant received a receipt and acquittance, discharge, and release in full of any and every thing that this defendant then owed to plaintiff, that defendant owes plaintiff nothing whatsoever, and that he has paid and discharged any and all claims in full which plaintiff may have against him."

Nesbit, by supplemental petition, denied the allegations of the answer.

The jury, in answer to the special issues submitted to them, found in favor of Nesbit upon all the material issues pleaded by him, and that his damages by virtue of the breach by Lawton of the contract amounted to $339.25. Nesbit entered a remittitur of $8.50, and judgment was entered in his favor for $330.75.

Lawton did not request the submission of any issue made in his answer. He objected to the testimony of appellee to the effect that appellant executed and delivered to him a contract whereby he agreed to deliver to appellee an Oldsmobile automobile at the price pleaded; the objection being that such a contract controverted a receipt by Nesbit to him, acknowledging full satisfaction and accord of all claims which Nesbitt had against appellant.

The evidence of Nesbit was to the effect that when the contract was canceled on May 31, 1916, four instruments were written. He signed a statement indorsed on the contract that for a valuable consideration he agreed to cancel the same. He also signed a receipt for $29, which recited that said sum was full payment of any and all claims he had against Lawton to date, of whatever nature. Lawton signed a receipt for $50, reciting that it was "for all rent due under our contract, which is this day canceled." Lawton also signed a contract to sell him the car, as pleaded by Nesbit. Delivery was made of all of these instruments. The contract sued upon was proved to have been a written one, which imported a consideration, and no sworn plea was filed impeaching the consideration thereof.

[1-4] Aside from the question whether the answer constituted a sufficient plea that in the matters covered by the receipt was included the contract sued upon, it appears from the facts adduced that there is absolutely no merit in the contention made by appellant. Two or more writings, executed contemporaneously, between the same parties, and in reference to the same subject-matter, must be deemed one instrument, and as forming but the same contract. Simpkins on Contracts and Sales, p. 495. Parol evidence is admissible to connect the instruments. Weir Plow Co. v. Evans, 24 S. W. 40; Elliott on Contracts, § 1645. When the instruments are read together, in the light of the testimony connecting them, it appears that the agency contract was canceled in consideration of the payment by Nesbit to Lawton of $50 rent, and the payment by Lawton to Nesbit of $29, and the execution and delivery of a contract by which Lawton bound himself to sell Nesbit a car for $945.-25. The recital that the $29 was full payment of all claims cannot be permitted to abrogate the portion of the contract by which Lawton contracted to sell Nesbit the automobile. The receipt purported to acknowledge the cancellation of prior obligations, and not those executed cotemporaneously therewith, and when it is read in connection with the other instruments there is no conflict or ambiguity but, if there was, parol testimony could be received to explain what the real agreement was.

The other assignments in the brief present the same contention as the first, and are overruled.

The judgment is affirmed.