### JOHNSEN et ux. v. HAYNIE et al.
### No. 1491.

Court of Civil Appeals of Texas. Waco.
April 12, 1934.

J. D. Rayon, A. W. Parshley, and Thos. J. Pitts, all of Longview, for appellants.

Olga Hermann Lapin, of Kilgore, for appellees.

GALLAGHER, Chief Justice.

Appellants, Andrew Johnsen and wife, Elizabeth Johnsen, sued appellees, A. F. Haynie and A. E. Johnson, to recover damages for alleged breach of covenants contained in a deed by which appellees conveyed to appellants a certain tract of land in Kilgore, Tex. There is some conflict in the testimony, but, in deference to the finding of the jury and judgment of the court, the facts will be re-cited in the light most favorable thereto.

Appellees owned a tract of land fronting 65 feet on a highway and running back an undisclosed distance to a railroad right of way. On or about March 1, 1931, said land was comparatively level. A residence and certain shade trees were situated thereon. Appellees, desiring to sell said tract of land, showed it to appellants, who were seeking a suitable site for a garage and tourist camp. Said land was under an oil lease, but the surface was at that time undisturbed. Terms of purchase were quoted by appellees to appellants, and they asked, and appellees without consideration granted them, a verbal option on said land for a short time. About two days after such verbal option expired, appellants offered to consummate the purchase. At that time the holder of the oil lease which covered the land involved, and adjoining land as well, had erected a derrick on such adjoining land and had dug a slush pit on the back end of the lot here involved. Appellees, on March 7, 1931, in consideration of $1,000 paid and $2,500 to be thereafter paid, executed and delivered to appellees a warranty deed conveying said land to them. Said deed contained the following specific stipulations: "All minerals in, on and under said hereinabove described premises are hereby specially reserved by grantors. However, it is understood and agreed that the surface of said premises is not to be used for any purpose in removal of any minerals so reserved by grantors."

Appellees also, in view of the fact that a slush pit for use in connection with the oil well on the premises adjoining had been dug on the land so conveyed, executed and delivered to appellants, as a part of the transaction of purchase, the following writing in the form of a letter:

"Kilgore, Texas,
"March 7, 1931.
"Mr. Andrew Johnsen and Mrs. Elizabeth Johnsen, Kilgore, Texas.

"Dear Sir and Madam: Owing to the fact that a portion of the lot which you have this day purchased from A. F. Haynie and A. E. Johnson is now covered with a slush pit and other necessary equipment for the drilling of an oil well to be drilled on adjacent premises, we hereby agree to allow you the use of a like amount of land on our property adjoining the lot on the north, as is being used now by the above mentioned equipment, free of charge.

"We further agree that when said oil well shall have been completed and all equipment moved off of the land sold you, that immediately thereafter we will fill up said slush pit, or cause same to be done, and assist you in moving whatever improvements you have placed on the land loaned you, to your own premises.

"Yours very truly,      A. F. Haynie
"A. E. Johnson."

Said deed and letter aforesaid were delivered to appellants at the same time, and both were retained by them. Within a few days after the delivery of said deed and letter, appellants entered into possession of the premises purchased, exclusive of the part occupied by the slush pit, tore down the house, and used some of the material in erecting a garage thereon. Said garage fronted 40 feet on the highway and extended back 110 feet. The remainder of the frontage was used as a passway from the highway to the rear of the premises. Appellants also, apparently in pursuance of the provisions of said accompanying letter, erected three tourist cabins on land belonging to appellees and rented them when opportunity occurred. Appellants paid the remainder of the purchase price on said land as it became due. There was some delay in surrendering the slush pit and further delay in filling the same, which was eventually done without expense to appellants. They thereupon moved the three tourist cabins from appellees' land and placed them on the rear of the lot where the slush pit had been. Appellants presented a bill for the sum of $45 for such removal, and requested appellee Haynie to pay one-half thereof, which he did. Appellants sought to recover damages for diminished value of the land on account of the use of a part thereof as a slush pit as aforesaid.

The case was submitted on special issues,

in response to which the jury found, in substance, that: At the time of the delivery of the deed to said premises by appellees to appellants, there was a mutual agreement that the grantees therein would accept from appellee Haynie an equal area of his lot in lieu of the space covered by the slush pit or otherwise used in drilling said well.

The court rendered judgment on the verdict that appellants take nothing by their suit. Hence this appeal.

### Opinion.

Appellants present an assignment in which they complain of the action of the court in admitting over their objection the letter addressed to them and signed by appellees concerning the temporary use of a part of the premises conveyed as a slush pit during the drilling of a well on the adjoining land. Said letter bore the same date as the deed upon which appellants' suit is based, and has been hereinbefore set out in hæc verba. It contained a direct reference to such deed, and stipulated for the ultimate surrender to appellants of the possession of that part of the premises so conveyed then covered by the slush pit and for privileges and payments in the nature of compensation for its use as such. Appellants' objection to the introduction of said letter was that it would vary the terms of their deed.

The general rule is that instruments executed at the same time or contemporaneously, for the same purpose, and in the course of the same transaction, are to be considered as one instrument and read and construed together. In such case parol evidence is admissible to connect the instruments and to explain any conflict between them. 10 Tex. Jur. pp. 286, 287, § 166, and authorities cited in notes 17, 18, and 19. See, also, Schoellkopf v. Bryan (Tex. Civ. App.) 284 S. W. 339, 342, par. 1 (writ refused); Uecker v. Zuercher, 54 Tex. Civ. App. 289, 118 S. W. 149,

153, par. 15; Ferguson v. Dodd (Tex. Civ. App.) 183 S. W. 391, 393, pars. 3 and 4 (writ refused); Cleveland v. Stanley (Tex. Civ. App.) 177 S. W. 1181, 1182, par. 2; Lawton v. Nesbit (Tex. Civ. App.) 206 S. W. 227, 228, pars. 1 and 2; 13 C. J. p. 528, § 487; Masterson v. Burnett, 27 Tex. Civ. App. 370, 66 S. W. 90, 91, second column (writ refused); Weir Plow Co. v. Evans (Tex. Civ. App.) 24 S. W. 38, 40; Gould v. Magnolia Metal Co., 207 Ill. 172, 69 N. E. 896, par. 1; Engineer Company v. Herring-Hall-Marvin Safe Co., 76 Misc. 369, 134 N. Y. S. 810, par. 1; New York Metal Ceiling Co. v. City of New York, 133 App. Div. 110, 117 N. Y. S. 632. Parol evidence, under the foregoing authorities, was properly admitted to identify such letter and to show that it was delivered and accepted at the same time as the deed, and such letter, notwithstanding such objection, was properly admitted to show the entire transaction between the parties. The testimony showed practically without dispute that both parties had recognized the contractual nature of said letter and had complied with its provisions. Said assignment is overruled.

Appellants' remaining assignment complains of the submission over their objection of the special issue in response to which the finding hereinbefore set out was made by the jury and upon which the judgment of the court is predicated. Appellants objected to the submission of said issue on the ground that there was no competent evidence to authorize such submission. Such objection was based on appellants' contention that the letter executed by appellees and delivered to appellants with the deed was inadmissible and inherently incompetent to establish a valid and enforceable agreement between the parties. No objection to the form of said issue was made. Since said letter was properly admitted in evidence, said assignment is without merit, and is here overruled.

The judgment of the trial court is affirmed.