### HUMBLE OIL & REFINING CO. v. MULLICAN.

#### No. 5687.

Court of Civil Appeals of Texas. Amarillo.
Oct. 22, 1945.

Rehearing Denied Nov. 19, 1945.

Ralph B. Lee, R. E. Seagler, and Rex G. Baker, all of Houston, for appellant.

W. W. Campbell and W. D. Girand, both of Lubbock, for appellee.

PITTS, Chief Justice.

Appellee, Lon A. Mullican, sued appellant, Humble Oil & Refining Company, for the cancellation and termination of an oil, gas, and mineral lease contract and for the removal of the cloud upon the title to a section of land located in Lubbock County, Texas.

On January 27, 1944, appellee leased the land to G. B. Hallmark by using the usual "Producer's 88 Revised—Texas" printed form prepared by lessee for a term of ten years, for a consideration therein expressed, and provided for the payment of an annual rental after the first year to keep the lease contract in force if oil was not produced. In the body of the lease contract the lessor was named as "Lon A. Mullican, Individually, and as Independent Executor of the Estate of Molly Mullican, Deceased." It was signed by Lon A. Mullican and under his signature was typed, "Individually, and as Executor of the Estate of Mollie Mullican, Deceased." The lessor caused revenue stamps to be placed on the lease contract, delivered it to lessee, and it was properly recorded. Soon thereafter it was discovered that appellee was not the executor of the estate of Molly Mullican, deceased, but, in fact, he was community administrator of the community estate of himself and his deceased wife, Molly E. Mullican, who died intestate, and that a mistake had been made both in the preparation of the lease contract by the lessee and in the execution of the same by the lessor in reciting lessor's representative capacity as to the estate of his deceased wife. On March 18, 1944, lessee, Hallmark, caused to be prepared another lease contract using the same lease form and the terms of the said lease were identical with those of the previous one except as to the date, the capacity in which the lessor signed it as representative of the estate of his deceased wife, and the addition of a new paragraph explaining the purpose of its execution. This instrument was properly recorded on March 21, 1944.

The second lease contract was dated March 18, 1944. The body of the lease contract named the lessor as "Lon A. Mullican, Individually, and as Community Administrator of the Estate of Mollie E. Mullican, Deceased," and the following language was typed under the signature of the lessor: "Lon A. Mullican, Individually, and

394

as Community Administrator of the Estate of Mollie E. Mullican, Deceased." The second lease contract also contains the following paragraph written with a typewriter in the body of the contract: "This lease is in lieu and correction of a prior lease dated 27th day of January, 1944, and recorded in Volume 8, page 595, Oil and Gas Lease Records of Lubbock County, Texas, wherein same was executed by Lon A. Mullican, Individually and as Independent Executor of the Estate of Molly Mullican, Deceased, which was erroneous in that it should have been executed by Lon A. Mullican, Individually and as Community Administrator of the Estate of Mollie E. Mullican, Deceased, as said Mollie E. Mullican died intestate and Lon A. Mullican qualified as Community Administrator of her estate as per the Probate Records of Lubbock County, Texas."

Both leases make the following provisions: "If operations for drilling are not commenced on said land on or before one year from this date the lease shall then terminate as to both parties, unless on or before said anniversary date lessee shall pay or tender to Lessor or to the credit of Lessor in Lubbock National Bank at Lubbock, Texas, (which bank and its successors are lessor's agent and shall continue as the depository for all rentals payable hereunder regardless of changes in ownership of said land or the rentals) the sum of Three hundred twenty and 26/100 dollars ($320.-26) (herein called rental), which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months. In like manner and upon like payments or tenders annually the commencement of drilling operations may be further deferred for successive periods of twelve (12) months each during the primary term. * * *"

No operations for drilling were commenced on said land and no annual rental was paid or tendered lessor on or prior to January 27, 1945. On February 7, 1945, lessor, Mullican, wrote to E. W. Anguish, Midland, Texas, the then record owner of the lease, calling upon him for a release because of nonpayment of rentals. On February 8, 1945, appellant filed for record an assignment of the lease of date March 18, 1944, which assignment was executed to appellant by E. W. Anguish on October 23, 1944. E. W. Anguish visited appellee, lessor, soon after lessor wrote him on February 7, 1945 and wanted lessor

to sign another instrument which lessor understood to be an acknowledgment that March 18th was the anniversary date of the lease rather than January 27th, but lessor refused to sign such instrument. On February 26, 1945, appellant deposited to the credit of appellee in the Lubbock National Bank the annual rental recited in each of the lease contracts and appellee refused to accept the rental. This suit was filed on March 1, 1945.

The case was heard by the trial court without a jury and judgment was rendered for appellee, individually, and as community administrator of the estate of Mollie E. Mullican, deceased, awarding appellee the mineral rights under the land, canceling and terminating the lease, and removing the cloud from the title of the land, and denying appellant any affirmative relief.

Appellant contends that the second lease contract was a new and independent contract executed in lieu of the former contract lease, superseding the former contract, and that the anniversary date for paying rentals was therefore March 18th, while appellee contends by a verified pleading that a mutual mistake was made in the execution of the first lease contract in that it had been drawn by lessee and executed by lessor naming him as executor of the estate of his deceased wife when, in fact, he was community administrator of her estate and that by mutual agreement the second instrument was drawn by lessee and executed by lessor to reform, correct, affirm, and ratify the original lease contract; that it was not intended that the former contract be novated and the latter substituted for it and that the lease contract therefore terminated on January 27, 1945.

■ The later instrument recites that its purpose "is in lieu and correction of" the former instrument and further recites that a mistake was made, "which was erroneous" and shows a proper correction of the mistake that was made. Appellant contends that "in lieu of" means "in the place of," "instead of," or "in substitution for," and we quite agree that such is usually true when the phrase is used separate, apart from, and not closely connected with other language that may give it a different meaning. The phrase, "is in lieu and correction of," as used in the second instrument executed, must be construed in accordance

with the circumstances of its use and in connection with other language employed.

The evidence reveals that both instruments were executed as a part of the same transaction and between the same parties. There is a well-established rule that where two or more instruments are made, even at different times, as a part of one transaction, they will be read together and each construed in connection with the other. 13 C.J. p. 528, § 487; 17 C.J.S., Contracts, § 298; 10 Tex.Jur. 286, para. 166; Davis v. Volunteer State Life Ins. Co., Tex. Civ.App., 135 S.W.2d 588; Johnsen v. Haynie, Tex.Civ.App., 70 S.W.2d 602; and Shive v. Braniff Inv. Co., Tex.Civ.App., 68 S.W.2d 564. If the language of the two instruments is susceptible of more than one interpretation, it is the duty of the court in determining the true intent of the parties to consider the surrounding circumstances existing at the time of execution. The consideration of the extraneous evidence is not for the purpose of varying or contradicting the terms of the instruments, but to aid the court in arriving at the true intention of the parties. Colquitt v. Eureka Production Co., Tex.Com.App., 63 S.W.2d 1018.

Presumptions are indulged favorable to the claims of appellant on the issue here stated in the absence of evidence upon the subject. Appellee has pleaded in a verified petition mutual mistake of the parties and a mutual agreement to correct the original contract without substituting another one for it. The burden of proof is therefore upon him to prove his allegation.

The trial court heard undisputed parol evidence to the effect that there was a mutual mistake made in the preparation and execution of the instrument of date January 27, 1944 and that the lessee, Hallmark, caused the second lease to be prepared. The record reveals that no consideration was paid for the second lease and that no revenue stamps were placed on it, which implies that it was understood by the parties that the latter instrument was a correction of the former for which a consideration had already been paid and on which revenue had been previously paid and therefore none was required for the latter instrument since it appeared merely to correct the former instrument.

The trial court filed no findings of fact and none was requested but it is presumed that it resolved the issues in favor of appellee and that its findings were in support of the judgment rendered.

In the light of the circumstances surrounding the execution of the second instrument, we do not find any language in it which could be reasonably construed together with the other language employed as meaning that it was the intention of the parties to execute a new and independent lease contract as a substitute for the former contract but we do find from the language used that an error was made in the former contract and that they sought to correct the error. To find that they sought only to correct the error made in the former instrument by the execution of the latter and thus reform the former instrument without creating a new contract is not an unreasonable construction placed on the language employed in expressing the terms of the latter instrument. 53 C.J. 1055, para. 232; 36 Tex.Jur. 723, para. 7; Roedenbeck Farms, Inc. v. Broussard, Tex.Civ.App., 124 S.W.2d 929, and authorities there cited.

Appellee made no claim to the mineral rights after executing the January 27th lease contract. If he had made a claim to such mineral rights, even for the estate of his deceased wife only because of the mistake made, lessee and those holding under him would probably have resisted such claim under the rule that his act in executing the contract of date January 27, 1944 passed title whether it even referred to his power or authority to sign the same in such capacity or not. Hough v. Hill, 47 Tex. 148; Link v. Page, 72 Tex. 592, 10 S.W. 699; and McGrow v. Merchants' & Planters' Nat. Bank of Sherman, Tex.Civ. App., 34 S.W.2d 633.

It therefore follows, for all the reasons stated above, that the trial court properly held that January 27, 1945 was the anniversary date for paying the annual rentals by the lessee or those holding under him and that the lease contract had terminated for the nonpayment of the annual rentals on or prior to that date. Weiss v. Claborn, Tex.Civ.App., 219 S.W. 884; and Mc-Laughlin v. Brock, Tex.Civ.App., 225 S.W. 575, and authorities there cited.

Appellant further claims that the trial court erred in permitting appellee to testify that no consideration was paid for the lease of date March 18, 1944. It has been held that parol evidence is admissible to show that no consideration was actually paid. Central Nat. Bank of Waco v. Law-

son, Tex.Civ.App., 7 S.W.2d 915, affirmed, Tex.Com.App., 27 S.W.2d 125; Cochell v. Cawthon, Tex.Civ.App., 110 S.W.2d 636, writ of error dismissed.

The other points presenting as error the admission of certain testimony are not tenable, the case having been tried before the court and independent of the testimony complained of, the evidence was sufficient to warrant the conclusion of the court. J. M. Huber Petroleum Co. v. Quillin, Tex.Civ.App., 60 S.W.2d 261, writ of error refused.

We have carefully examined all assignments of error and find no reversible error. The judgment of the trial court is therefore affirmed.