## HERBERT et al. v. DENMAN et al.
### No. 4088.

Court of Civil Appeals of Texas. Texarkana.
Dec. 11, 1931.

Rehearing Denied Dec. 17, 1931.

Geo. T. Burgess, of Dallas, for appellants.

Massingill & Belew, of Fort Worth, and John B. Daniel, of Temple, for appellees.

SELLERS, J.

This suit was instituted by Sam Denman against John W. Herbert, III, and wife, Josephine Herbert, and George Houghton, alleging that on November 23, 1925, the said Denman was the owner of lot No. 1, block No. 7, Himount addition to the city of Fort Worth, Tarrant county, Tex., and on that date he conveyed the same to Houghton by warranty deed, retaining therein a vendor's lien to secure two certain notes executed by Houghton, one for $15,000 and one for $2,500; that default had been made in the payment of the $2,500 and that demand had been made of Houghton to pay the same; and upon his failure the note had been placed in the hands of an attorney for collection. That the $15,000 note was secured by a prior vendor's lien, and that Houghton, being desirous of extending the payment of said $15,000 note, procured a loan from the Investment Securities Company of Texas, and Denman thereupon transferred said $15,000 note, together with a lien securing its payment, to the Investment Securities Company of Texas. That on January 18, 1926, the defendant Herbert and his wife executed a note to the Investment Securities Company of Texas renewing and extending said $15,000 note and also executed their deed of trust to secure the same; that the deed of trust was foreclosed and the property sold for $17,500; that plaintiff was not a party to the deed of trust and did not agree to any of its terms or provisions nor the power of sale therein; that said deed of trust was subsequent and inferior as a lien and as a contract in all of its terms to the indebtedness evidenced by the note for $2,500; that the foreclosure under said deed of trust in no way affected or impaired the validity of the lien securing the $2,500 note; that the reasonable market value of the real estate is greatly in excess of the indebtedness evidenced by both notes; that Herbert and wife were in possession of the

property, claiming the same by virtue of a deed or deeds through T. J. Bettes, who purchased the property under the deed of trust; that such claim of title is inferior to the lien held by Denman; and that plaintiff is entitled to judgment against Houghton for his debt and against Houghton and Herbert and wife for foreclosure, and to a finding of the exact amount due on the $15,000 note to which Herbert had been subrogated, and to have the property sold to permit him to redeem from Herbert and wife by paying to Herbert and wife the amount of the indebtedness found to be due him.

Appellants Herbert and wife answered, setting up certain facts which, it is alleged, made Denman a party to the deed of trust executed by Houghton to the Investment Securities Company of Texas, and therefore that the sale under the deed of trust cut off all rights Denman had to have the $2,500 second vendor's note foreclosed; and further pleaded that, if such facts were not sufficient to make Denman a party to the deed of trust, they were sufficient to estop Denman to deny that the sale under the deed of trust did not cut off the vendor's lien securing the $2,500 note. They further alleged that in the event it should be determined that Denman had a lien upon the property, then that they be subrogated to all of the rights of the Investment Securities Company of Texas as the owner of the $15,000 vendor's lien note, and asked that same be foreclosed and declared to be a first lien upon the property and that the proceeds from the sale be first applied to the payment of the amount due upon said note. Herbert and wife also sought to recover over and against F. L. Denison upon his warranty of whatever sums Denman might be permitted to recover.

The material facts upon the trial of the case were that on September 17, 1925, Sam S. Denman owned lot No. 1 in block No. 7 of Himount addition to the city of Fort Worth, which was incumbered with various liens securing an indebtedness of approximately, or a little to the rise of, $15,000. On the above date Denman entered into a contract with one Houghton to sell him the property. This contract of sale by the parties, as finally agreed to, was that Denman was to take as a part consideration for the property two vendor's lien notes, one for the sum of $15,000 and one for $2,500. That the $15,000 note should constitute a first lien on the property and be due in ninety days after date, and the $2,500 note should be a second lien and due two years after date. The purpose of making the $15,000 note due in ninety days was so it could be renewed and extended and the proceeds taken to pay off the indebtedness against the land. Denman obligated himself to find some one to take up the $15,000 note.

In accordance with the above agreement, the deed and notes were duly executed on the 23d day of November, 1925, and it was provided in the deed and notes that the $15,000 note should be a first lien as well as all renewals and extensions thereof, and the $2,500 note a second lien. Although Denman had secured a party to make the loan on the $15,000 note, it was not accepted by Houghton, and Houghton with Denman's consent secured the loan from the Investment Securities Company of Texas. A transfer of the $15,000 was taken from Denman by the Investment Securities Company. Houghton, in securing the loan from the Investment Securities Company, executed a new note and deed of trust upon the property which was dated the 18th day of January, 1926, and provided for a renewal and extension of the $15,000 vendor's lien note. The proceeds from this loan went to pay off the indebtedness and liens existing against the property at the time Denman sold the property to Houghton. Some time after the above loan was closed, Houghton became indebted to one Denison in the sum of $4,000 and conveyed the property involved by warranty deed to Denison. This conveyance as between Denison and Houghton was intended to secure Denison in the payment of said indebtedness and was not intended as an absolute conveyance.

After this conveyance by Houghton and wife to Denison, default was made in the payment of the $15,000 note given by Houghton to the Investment Securities Company, and because of such default the property was sold under the terms of the deed of trust on November 1, 1927, at which sale T. J. Bettes became the purchaser for the sum of $17,250 in cash. It is agreed that Bettes in purchasing the property at trustee's sale acted as the agent of Denison, and although the deed to the property was taken in Bettes' name, it was in fact purchased by Denison.

On January 13, 1928, Denison and Bettes conveyed the property to John W. Herbert, III, for a consideration of $21,250 cash. This conveyance was by a general warranty deed, but Bettes limited his warranty in the deed to those claiming "by, through or under him." By virtue of this deed Herbert and wife became the owners of the property involved and were in possession of the same when this suit was instituted.

The trial was before the court without the aid of a jury, and resulted in a judgment for John W. Herbert and wife Josephine Herbert against all parties establishing and foreclosing in their favor a first lien upon the property in controversy for the amount found to be due upon the $15,000 note which was the sum of $26,440.92, with interest from November 4, 1930, at the rate of 10 per cent. per annum, and denying them any recovery against F. L. Denison upon his warranty; and judgment for Sam S. Denman for his debt against Houghton and foreclosing the lien securing Denman's debt against all par-

ties as a second lien, directing that the property be sold and that the proceeds be first applied to the payment of Herbert's lien and then to the payment of the amount due Denman, and, if any remained, that it be paid to Herbert and wife.

The controlling question on this appeal is to determine what effect, if any, the execution of the deed of trust by Houghton to the Investment Securities Company of Texas in renewing and extending the $15,000 vendor's lien note had upon appellee Denman as the owner and holder of the $2,500 second vendor's lien note. If it can be said from the facts of this case that appellee Denman became a party to the deed of trust executed by Houghton to the Investment Securities Company of Texas, or by such facts he is estopped to deny the superiority of the deed of trust lien to the lien held by him as contended for by appellees, then there is no doubt that appellees Herbert and wife as purchasers from those holding title to the property by virtue of the sale under the deed of trust held the absolute title free of all rights that appellee Denman possessed as the junior lienholder, for it is well settled that a sale by a trustee under the powers conferred by the deed of trust cuts off all right, title, or equities of a junior lienholder without notice of the sale. Tolleson v. Nobles (Tex. Civ. App.) 152 S. W. 850; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147.

Such a power was not possessed by the Investment Securities Company of Texas as the owner of the $15,000 note and first vendor's lien securing same, for it is equally as well settled that a junior lienholder's rights will not be cut off by a foreclosure of a prior lien through a decree of court without the junior lienholder is made a party to such proceedings. Farm & Home Savings & Loan Ass'n of Missouri v. Muhl et ux. (Tex. Civ. App.) 37 S.W.(2d) 316; Davis et al. v. Walker et al. (Tex. Civ. App.) 233 S. W. 521; Shelton v. O'Brien (Tex. Com. App.) 285 S. W. 260.

The facts developed in this case, in our opinion, are not sufficient to support appellants' contention. All renewals and extensions of the $15,000 vendor's lien note were to remain a first lien upon the property involved. But it seems to us that there would be no good reason for holding that the $2,500 second lien note given for the purchase price of the property should be a junior lien to the deed of trust subsequently executed by Houghton. When the Investment Securities Company took the renewal and extension of the $15,000 vendor's lien note and at the same time took the deed of trust from Houghton, it was in the position of having two liens securing the same indebtedness, one a vendor's lien which was a superior lien to the $2,500 vendor's lien held by Denman, and the other a deed of trust lien which was a junior lien to the lien held by appellee Denman, and the purchaser at the sale under the deed of trust and those claiming under him took title to the property subject to the $2,500 vendor's lien note.

Under the facts of this case there could be no estoppel. No estoppel arises where there is no showing of any false representations or concealment of a material fact made with a knowledge of the facts to one ignorant of the truth of the matter with the intention that the other party should act upon such and which induces him to so act to his injury. It is not shown that appellee Denman made any misrepresentations to the Investment Securities Company or concealed any facts from it which could have induced said company to take the deed of trust. The Investment Securities Company knew when it took the deed of trust from Houghton that he had previously given the $2,500 vendor's lien note held by appellee Denman, and that such note and lien was an outstanding one. With all the facts before it, the Investment Securities Company took the deed of trust from Houghton and was charged, as a matter of law, that such lien would be a junior lien to that securing the $2,500 note held by appellee Denman.

Appellants Herbert and wife insist that the trial court erred in not giving them judgment against F. L. Denison upon his warranty. Herbert paid Denison $21,250 for the property. In the event title to the property failed completely, the measure of Denison's liability to Herbert would be the amount paid Denison for the property plus interest at the rate of 6 per cent. per annum to the date of judgment. Under the pure equitable doctrine of subrogation, Herbert, by virtue of being the owner of the property through a conveyance from Denison, was subrogated to all the rights of the original holder of the $15,000 vendor's lien note, and a judgment in favor of Herbert was accordingly entered for the sum of $26,440.02, and this amount was ordered by the court paid to Herbert before any amount should be paid to appellee Denman. Under this judgment it is clear that Herbert and wife will receive more than their warranty from Denison would have entitled them to. Under such circumstance, it is our opinion that the court in adjusting the equities between the parties was justified in denying Herbert and wife a recovery against Denison upon his warranty.

It is believed that the judgment of the trial court correctly disposed of all the issues made by the pleadings and evidence, and that all of appellants' assignments are without merit and should be overruled.

The judgment is affirmed.