**E. C. ENLOW, Appellant,**

v.

**F. E. BROWN et al., Appellees.**

No. 15994.

Court of Civil Appeals of Texas.

Dallas.

March 30, 1962.

Rehearing Denied May 18, 1962.

C. C. Renfro, Dallas, for appellant.

Dalton, Moore & Walden, Ennis E. Walden, Dallas, for appellees.

DIXON, Chief Justice.

Appellee F. E. Brown obtained judgment against Pacemaker Homes, Inc., and E. C. Enlow for debt and foreclosure of a con-

stitutional and statutory lien for material and labor furnished to the owner in the construction of a house on property formerly owned by Pacemaker Homes, Inc., but owned at the time of suit by E. C. Enlow. Another defendant was dismissed from the suit before judgment was rendered. Only E. C. Enlow has appealed. A judgment of foreclosure was rendered against him.

The suit was tried to a jury which returned a verdict finding that (1) vinyl tile installed by appellee in the house could not be removed from the floor and other surfaces to which it was attached without materially injuring said floor; and (2) the sum of $501 would reasonably compensate appellee for the material and labor furnished in installing the vinyl tile.

We quote appellant's first point on appeal in full: "The trial court erred in refusing to submit to the jury the defensive issues raised and supported by evidence in the record."

After carefully studying the statement of facts before us we cannot say that the defensive issues pled by appellant were supported by evidence. However, we need not be concerned about the matter, for we cannot sustain the above quoted point on appeal for two reasons.

■ In the first place the point is multifarious and too general to be entitled to our consideration. It attempts to lump together in one package all defensive special issues which appellant may have wanted the court to submit without particularizing or designating each issue separately. Thus the point as worded overlooks the possibility that one or more of the issues should have been submitted while possibly others should not have been submitted. City of Nederland v. Callihan, Tex.Civ.App., 299 S.W.2d 380; Jones v. Hortenstine, Tex.Civ.App., 291 S.W.2d 761; Sheffield v. Lewis, Tex. Civ.App., 287 S.W.2d 531; Carmichael v. Williams, Tex.Civ.App., 286 S.W.2d 456; Johnson-Sampson Construction Co. v. W & W Waterproofing Co., Tex.Civ.App., 274

S.W.2d 926; Texas Life Ins. Co. v. Jordan, Tex.Civ.App., 253 S.W.2d 906.

■ In the second place appellant has not complied with Rule 279 Texas Rules of Civil Procedure. The Rule contains this provision: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; * * *." Appellant did not prepare in substantially correct wording and tender any one or more defensive issues. Therefore, he has waived the court's failure to submit his defensive issues. Cantrell v. Garrett, Tex.Civ.App., 342 S.W.2d 466; Querner v. George, Tex. Civ.App., 336 S.W.2d 903; Texas Employers Ins. Ass'n v. Yother, Tex.Civ.App., 306 S.W.2d 730; Meacham v. Loving, 155 Tex. 279, 285 S.W.2d 936.

Appellant's first point on appeal is overruled.

In his second point on appeal appellant says that special issue No. 2 submitted the wrong measure of damages to the jury. Special issue No. 2 in substance inquired what sum of money would reasonably compensate appellee for the labor and material furnished in installing the vinyl tile involved herein.

From appellant's argument under this point we understand his contention to be that appellee was not entitled to a lien for labor for the reason that he hired others to install the vinyl tile; he did not himself personally install the material. In support of this view appellant cites us to West v. First Baptist Church of Taft, 123 Tex. 388, 71 S.W.2d 1090, in which it was held that a bank which advanced or loaned money to a church was not entitled to a laborer's lien.

■ We see no merit in appellant's second point. This case does not involve a loan by appellee. Appellee was the contractor who furnished materials and labor

which went into the construction of the house. The men who actually laid the tile were employees of appellee. They were paid wages by appellee. Compensation for labor performed in the installation of the tile was properly included in the debt secured by lien. In Wilson v. Hinton, 131 Tex. 593, 116 S.W.2d 365, it was held that a lien for labor and material may be created though the labor and material are furnished through the agency of another. Though the case involves a written contract involving a homestead under Art. 5460, Vernon's Ann.Civ.St. we think the principle above stated is applicable here. See also Grammar v. Hesperian Building & Savings Ass'n, Tex.Civ.App., 70 S.W.2d 220. Appellant's second point is overruled.

In his third point appellant asserts that the court erred in rendering judgment for appellee after appellee admitted the material involved was floor covering and was installed by hired labor after the house was completed.

■ The uncontradicted evidence is that the vinyl tile is permanently attached to a plywood floor. It is so firmly affixed by a glue or mastic that in order to be removed it would have to be dug up with a hoe or some other instrument with a straight blade. The plywood might be ripped out in the process. It is not a floor covering similar to a carpet. We find no testimony that the vinyl tile was installed after the house was completed. The testimony is that the laying of the tile was one of the last acts in completing the house. As to the hired labor, the uncontradicted evidence is that the tile was installed by appellee's employees, as we pointed out in our discussion of appellant's second point. The third point is overruled.

Appellant's fourth point is as follows: "There was no competent evidence to support the judgment rendered; in the alternative, the evidence was insufficient to support the judgment rendered."

■ Here again we must hold that the point is too general to be entitled to our consideration. Weaver v. Tom Felton, Inc., Tex.Civ.App., 346 S.W.2d 159; Phillips v. Le Gallez, Tex.Civ.App., 329 S.W. 2d 922; Redman v. Cooper, Tex.Civ.App., 160 S.W.2d 318; Universal Life Ins. Co. v. Wallace, Tex.Civ.App., 149 S.W.2d 662.

■ However, we have studied the statement of facts in this case, and find ourselves unable to agree with appellant's fourth point. The evidence is that appellee, a contractor, made an oral agreement to furnish and install vinyl tile in a house being constructed on Lot 12, Block 2/4413 of Emerald Isle Addition in the City of Dallas. His dealings were with James D. Crow, who was President of Pacemaker Homes, Inc. Appellee was to be paid upon finishing his work. He completed his job February 13, 1959. He was not paid for his material or labor.

■ The record shows that Pacemaker Homes, Inc., acquired ownership of the property January 14, 1959, though the deed was not filed for record until March 3, 1959. Apparently construction of the house began before Pacemaker Homes, Inc. acquired title on January 14, 1959. But this fact is not sufficient to deprive appellee of his lien. Schultze v. Alamo Ice & Brewing Co., 2 Tex.Civ.App. 236, 21 S.W. 160. Apparently there was no complaint about the start of construction from the predecessor in title, J. A. Crow & Co. Inc., of which corporation J. A. Crow was president. J. A. Crow is the father of James D. Crow, president of Pacemaker Homes, Inc.

On February 11, 1959 Pacemaker Homes, Inc. conveyed title to the property to appellant Enlow but this deed was also not recorded until March 3, 1959.

It is undisputed that appellee furnished the material and labor on which his suit is based. The material and labor went into the construction of the house. The material became affixed permanently as a part of the body of the house. Appellee demanded

payment of both Crow and Enlow. He has not been paid. He notified Enlow of his intention to file an affidavit establishing his lien. His affidavit made for him by his attorney was filed May 6, 1959 and recorded in the Mechanic's Lien Records of Dallas County.

It is our opinion that under the record before us there is sufficient evidence to support the trial court's judgment. Arts. 5452, 5453, V.A.C.S., see also Newman v. Coker, Tex.Civ.App., 310 S.W.2d 354; Tomlinson v. Higginbotham Bros. & Co., Tex.Civ.App., 229 S.W.2d 920; Hoffman v. Continental Supply Co., Tex.Civ.App., 120 S.W.2d 851; Breckenridge City Club v. Hardin, Tex.Civ.App., 253 S.W. 873; Keating Implement & Machine Co. v. Marshall Electric Light & Power Co., 74 Tex. 605, 12 S.W. 489. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.