**NATIONAL WESTERN LIFE INSURANCE COMPANY, Appellant,**

v.

**Wm. M. ACREMAN, d/b/a Acreman Construction Company, Appellee.**

No. 6888.

Court of Civil Appeals of Texas.

Beaumont.

March 30, 1967.

Darden, Fowler & Creighton, Conroe, Phipps, Smith & Alexander, Galveston, for appellant.

W. J. Benardino, Conroe, for appellee.

PARKER, Justice.

Wm. M. Acreman sued Henry S. Fuller, II, National Western Life Insurance Company and Gerald J. Creighton, Jr., as substitute trustee, for the use and benefit of said insurance company, to recover from Fuller the sum of $2,828.80 and to establish against all defendants an M & M lien as a first and superior lien upon 160 acres to a vendor's lien and deed of trust lien owned and held by the insurance company. Trial was to the court which entered judgment that plaintiff have and recover of Fuller the sum of $2,828.80 plus interest at the rate of 6% per annum from May 22, 1964 until paid, adjudging that such sum is secured by first, superior and valid and subsisting mechanic's and materialman's lien as duly established and protected by virtue of and in compliance with Art. 16, § 37 of the Constitution of the State of Texas Vernon's Ann.St. and Art. 5452 et seq., of V.A.C.S., by virtue of a contract between plaintiff and Fuller dated February 24, 1964. The court foreclosed such lien on all of the 160 acres situated in Montgomery County. The judgment provided that an order of sale should issue. The court further found that all of the defendants were asserting some character of claim in the above described real property and improvements which said claim to and interest in the above described 160 acres is in all things subordinate and inferior to plaintiff's valid and subsisting mechanic's and materialman's lien upon and against the said real estate premises.

The sole appellant is National Western Life Insurance Company, which has five points of error as follows:

1. The trial court erred in holding that Appellee's mechanic's and materialman's lien was a prior lien to the vendor's lien and the deed of trust lien of Appellee National Western Life Insurance Company.

2. The court erred in holding that Appellee had perfected a statutory mechanic's and materialman's lien pursuant to Article 5452 of Vernon's Annotated Civil Statutes, it being neither alleged, nor proved, that two copies of the affidavit claiming a lien were sent to Henry S. Fuller II, the owner of the land as of the 3rd day of April, 1964. Said notice is required by Article 5453 of Vernon's Annotated Civil Statutes.

3. The court erred in holding that Appellee perfected his lien because all of the proof shows his contract was with Statewide Properties, Inc. and not Appellant Fuller.

4. The court erred in holding that Appellee Acreman has a valid constitutional lien pursuant to Article 16, Section 37 of the Texas Constitution, there being no evidence or pleadings to support a finding that Appellee Acreman had performed labor upon or furnished materials to make or repair any building or article.

5. The court erred in holding that the entire 60 [sic—160] acres of land was subject to the mechanic's and materialman's lien of Appellee Acreman.

All of such points of error will be considered together.

On April 3, 1964 Wallace T. Sisk was the owner of 160 acres of land, more or less, out of and a part of the Daniel F. Whildent Survey situated in Montgomery County consisting of the south one-half of the north one-half of said survey. On that day Sisk conveyed such property to Henry S. Fuller, II, for $10 cash,

"and the further consideration of a sum of money, cash, this date to me in hand paid by National Western Life Insurance Company, a corporation, at the special instance and request of the said Grantee, the receipt of which is also

hereby acknowledged and confessed, which sum of money so advanced at his special instance and request is included in and evidenced by a certain Promissory Note, which Grantee has this day executed and delivered to the said National Western Life Insurance Company, said Promissory Note being of even date herewith for the principal sum of Sixty-five Thousand and No/100 ($65,-000.00) Dollars, bearing interest thereon from date at the rate therein provided, principal and interest payable in monthly installments as therein provided, said Note containing the usual and customary accelerating maturity and Ten (10 %) Percent attorney's fee clauses, said Note being secured by a Vendor's Lien herein retained in favor of the said National Western Life Insurance Company, and further secured by Deed of Trust of even date herewith from said Grantee to R. F. Varnado, Trustee, on the hereinafter described property, * * *."

This deed also provided:

"But it is expressly agreed and stipulated that the Vendor's Lien and Superior Title is retained against the above described property, premises and improvements, in favor of the said National Western Life Insurance Company, a corporation, until the above described note, and all interest thereon is fully paid according to its face and tenor, effect and reading, when this Deed shall become absolute."

On the same day Fuller executed and delivered to National Western Life Insurance Company the Note for $65,000 and executed a deed of trust to R. F. Varnado, trustee, for the use and benefit of the insurance company, to secure the full payment of such promissory note. The deed of trust and the deed were duly filed for record on April 4, 1964, with the clerk of the county court of Montgomery County and duly recorded. On April 3, 1964, Fuller and the insurance company agreed that $1,500 of the $65,000 would be held as an escrow fund by the insurance company until the company received evidence satisfactory to itself that a roadway would be satisfactorily completed within 60 days from date and, if completed, the $1,500 would be paid to the borrower, Fuller. The roadway was to be a hard or gravel surface roadway 60 feet wide extending from the western boundary line of the 160 acres to its east boundary line, such roadway having as its northern edge the southern boundary line of certain lots as shown by a survey of the property made by J. C. Neves in January, 1964.

Fuller failed to make payments according to the terms of the purchase money note. R. F. Varnado resigned as trustee. The insurance company appointed Gerald J. Creighton, Jr., of Montgomery County as substitute trustee to act under and by virtue of said deed of trust. The insurance company as the holder of the indebtedness and liens requested the substitute trustee to sell said property in accordance with the provisions of said deed of trust. After having given public notice as provided by law, the substitute trustee on September 1, 1964 sold said property at public auction at the courthouse door of Montgomery County within the hours provided by law to National Western Life Insurance Company for $42,000. Deed therefor was executed the same day. No attack is made on the validity of the sale of such property.

During the trial, it was stipulated in open court:

"Plaintiff admits that plaintiff was aware of the trustee's sale held by substitute trustee, Gerald J. Creighton, Jr., by which the defendant National Western Life Insurance Company acquired title to the land described in the plaintiff's petition."

█ The appellee, Acreman, brought this suit against National Western Life Insurance Company, Henry S. Fuller II, and Gerald J. Creighton, Jr., substitute trustee, for the purpose of establishing the priority

of a mechanic's and materialman's lien based on a contract executed by Acreman and Fuller to cut and burn underbrush and build a road 60 feet wide and 4352.7 feet long at a price of 65 cents a foot on job called "Pine Acres Estates". This contract was dated February 24, 1964. On the face of this contract it was between Statewide Properties by Henry S. Fuller, II and Wm. M. Acreman, d/b/a Wm. M. Acreman Construction Company. Fuller was doing business as Statewide Properties according to recitations over his signature in a contract of sale with E. A. Bigbee dated March 25, 1964. We hold the contract of February 24, 1964 was between appellee and Fuller as found by the trial court. Appellant's third point of error is overruled.

The work on the road was commenced by plaintiff Acreman on March 26, 1964 and completed on May 22, 1964. There is no evidence as to the location of said road except it was on the 160 acres. Plaintiff furnished the necessary labor and materials required to build the road. On July 2, 1964 plaintiff filed a statutory affidavit with a copy of his contract with Fuller and met all other statutory requirements of notice to Fuller according to an interlocutory judgment by default obtained by plaintiff against Fuller. On August 7, 1964 a notice of trustee sale under the deed of trust was posted as part of the procedure in foreclosing the deed of trust lien. In such notice Gerald J. Creighton, Jr., was designated substitute trustee. The instant suit was filed on August 27, 1964 together with a Lis Pendens Notice as to the property in question.

The controlling question involved in this case is whether the mechanic's and materialman's lien is superior to the vendor's lien and deed of trust lien. Art. 16, § 37 of the Texas Constitution provides that mechanics, contractors and materialmen of every class shall have a lien on the buildings and articles made or repaired by them for the value of their labor done thereon or materials furnished therefor. Work done by Acreman was not on a building and he did not make or repair a building. No constitutional lien is involved in this suit.

Art. 5452, V.A.T.S., does provide for the fixing of a mechanic's, contractor's and materialman's lien for improvements made upon land, including clearing and grubbing. Appellant asserts that the trial court erred in holding that appellee's mechanic's and materialman's lien was a prior lien to the vendor's lien and the deed of trust lien of appellee National Western Life Insurance Company. The lien created by the deed of trust is impressed by the character of the indebtedness for which it was given to secure. This is the general rule in this state, as well as elsewhere. The deed of trust was given to secure the payment of purchase money delivered to Sisk and the deed of trust lien has the status of a purchase money lien, as well as a deed of trust. The insurance company was the purchaser at the sale regularly made in the exercise of a power of sale authorized by the duly recorded mortgage and deed of trust, taking the title of Fuller divested of all incumbrances made subsequent to the execution, delivery and record of such mortgage. Hampshire v. Greeves, 104 Tex. 620, 625, 627, 143 S.W. 147 (1912). By the sale under the power in the mortgage, subsequent lien holders were foreclosed as effectively as a foreclosure by judgment in a suit to which all claimants were parties and in pursuance to such judgment a sale had been regularly made. Thompson v. Litwood Oil & Supply Co., 287 S.W. 279 (Tex.Civ.App.1926, n. w. h.) and authoritative decisions cited on pp. 280 and 281. This would not apply to a subsequent lien if authorized and consented to by the insurance company.

On February 24, 1964 Fuller owned no right, title or interest in the 160 acres of land. Wallace Sisk was the owner. The trial court held and appellee asserts the court properly held that upon completion

of the road and the filing of appellee's affidavit and contract, the mechanic's and materialman's lien related back to the date of the contract as the time of its inception. In McConnell v. Mortgage Investment Co. of El Paso, 157 Tex. 572, 305 S.W.2d 280 (1957), the Supreme Court analyzed the holding in Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S.W. 652, 30 L.R.A. 765, pointing out:

"That the holding in the Oriental Hotel Co. case is bottomed squarely upon the circumstance that the building has been projected and a contract for its construction executed by the *owner* and a contractor is made clear by Judge Brown's later opinion in the Texas Briquette case (Sullivan & Co. v. Texas Briquette & Coal Co., 94 Tex. 541, 63 S.W. 307.)" (Emphasis ours.)

In the McConnell case, supra, it is emphasized that as a basis for the mechanic's and materialman's lien it must be a contract entered into by the *owner* with the contractor and the Supreme Court held that the word "inception" only related back to the date of a valid contract between the owner and the contractor. The inception of the mechanic's and materialman's lien claimed in this case by Acreman was subject to the creation of the vendor's lien and deed of trust lien by virtue of the deed and deed of trust dated April 3, 1964 insofar as the insurance company is concerned, for Fuller became the owner of the land subject to such liens.

■ An interlocutory judgment by default was taken by Acreman against Fuller for $2,828.80, plus interest and purporting to establish an M & M lien on the 160 acres. This interlocutory judgment was incorporated in the final judgment. The recitations contained in the interlocutory judgment and the final judgment that due notice was given by Acreman to Fuller as required by Art. 5453, V.A.T.S., we consider as having been proved as against Fuller, who has not appealed. There is no evidence in this record binding on appellant

that due notice was given by Acreman to Fuller as so required. Appellant's point of error No. 2 is sustained.

■ This court holds that the vendor's lien and the deed of trust lien of National Western Life Insurance Company is superior to appellee's M & M lien. Newman v. Coker, 310 S.W.2d 354 (Tex.Civ.App. 1958, n. w. h.); Harveson v. Youngblood, 38 S.W.2d 781, 783 (Tex.Com.App.1931, opin. approved by S.Ct.). However, on April 3, 1964 at the same time the deed from Sisk to Fuller was executed and the deed of trust from Fuller to Varnado, trustee, for the use and benefit of the insurance company, was executed, the agreement between Fuller and the insurance company as to a road to be constructed on the property was executed. The insurance company retained and never paid to Fuller the $1,500 it held in escrow until the insurance company received evidence satisfactory to itself that the roadway had been satisfactorily completed within 60 days from date. A roadway was completed on the 160 acres within 60 days after April 3, 1964, but there is no evidence that it was located according to the agreement between Fuller and the insurance company. It was an improvement to the land.

■ In the deed of trust under section (d), paragraph 5, it is provided:

"(d) FUTURE LIENS: GRANTOR agrees not to allow to be fixed, or enter into any contract whereby there may be fixed, on the above described property or any part thereof, without the written consent of HOLDER, any Mechanic's Lien or other lien of any character whatsoever."

Construing all instruments executed on April 3, 1964, the insurance company consented to Fuller thereafter entering into an M & M lien for the construction of a road in the location agreed upon but limiting the insurance company's liability to $1,500.

The 160 acres was in the country. The M & M lien of Acreman's can only be enforced under Art. 5452, V.A.T.S., to extend to and include the 50 acres upon which the roadway is situated. If established as to the insurance company, the lien is limited to $1,500. Appellant's point of error No. 5 is sustained.

The validity of any valid mechanic's and materialman's lien against Fuller and the land is dependent upon the insurance company. The establishment of a valid mechanic's and materialman's lien is an indivisible matter.

That part of the judgment of the trial court providing that Acreman recover of and from Fuller the sum of $2,828.80 plus interest is affirmed, but otherwise, this cause is reversed and remanded.