**HUBERT LUMBER CO., Inc., Appellant,**

v.

**John R. KING et al., Appellees.**

No. 15740.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 27, 1971.

Rehearing Denied June 17, 1971.

Monroe K. Walter, Houston, for appellant.

Charles N. Goldberg, Houston, for appellees.

ON MOTION FOR REHEARING

COLEMAN, Justice.

Subsequent to our opinion in this cause the Supreme Court of Texas withdrew its opinion in Irving Lumber Co. v. Alltex Mortgage Co., delivered February 2, 1971, and delivered another opinion on May 12, 1971, 468 S.W.2d 341. In light of this development we have re-examined our opinion and have determined that it should be withdrawn and the opinion following substituted.

This is a suit by a materialman against a contractor for debt, with which is joined a suit to establish the materialman's lien as being a prior and superior lien to that of the lender of interim construction funds, Center Savings Association.

Hubert Lumber Co., Inc., the materialman, secured an interlocutory default judgment against John R. King, the contractor.

It then sought a summary judgment on the question of priority of liens. Center Savings Association, and Mr. and Mrs. Rufus W. Woolridge, the purchasers at a trustee's sale on foreclosure of the Savings Association's lien, also filed a motion for summary judgment. The trial court found the Savings Association's lien to be a prior and superior lien to that of Hubert Lumber. Accordingly it granted a summary judgment to the Savings Association and the Woolridges, and denied the motion filed by Hubert Lumber. The interlocutory judgments were combined into a single final judgment, and this appeal resulted. The judgment is affirmed.

On May 15, 1967, Mr. and Mrs. Roquemore, the owners of a certain piece of property, entered into a turn-key contract with John R. King. The contract recites the existence of plans and specifications, finalized on the same date, for the construction of improvements on the property. The contract called for the conveyance to King of the Roquemores' interest in the lot, making him owner of the property. He was to construct improvements according to the plans and was to be the owner of the lot and the improvements when completed. The contract called for King to reconvey the improved property to the Roquemores for a specified price. The whole contract was specifically made contingent upon the Roquemores gaining V.A. approval for a loan.

On August 2, 1967, the Roquemores received the contemplated commitment from the V. A. for financing. Pursuant to the May 15, 1967 contract, the property was conveyed to King on November 13, 1967. On December 22, 1967 King executed a deed of trust to Hiller, trustee for Center Savings. This was to obtain interim construction financing. The deed of trust was duly recorded on December 27, 1967. Hubert Lumber delivered the materials to King between April 2, 1968 and June 27, 1968. Its liens were filed for record on August 8, 1968. Subsequently, King defaulted on his construction contract, and

Center Savings took possession of the property and on January 23, 1970 conveyed it to the Woolridges.

Appellant contends that after the materialman's lien was perfected by the filing of the affidavits, it related back to the date of the contract for the construction of the house between King and Roquemore, citing University Savings and Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287 (Tex. 1968).

In Irving Lumber Co. v. Alltex Mortgage Co., supra, the Supreme Court said: " * * * the priority of a security interest is not determined on the date of the 'inception' of an agreement between the contractor and a *prospective* owner."

■ Subsequently perfected mechanics' and materialmen's liens will relate back to the date of a general contract for a building or other improvement, between the *owner* of the land and a *contractor,* to the construction of which the mechanic or the materialman contributed. University Savings and Loan Ass'n v. Security Lumber Co., supra. The owner of the land to be affected must be a party to the contract creating the lien. A stranger to the title cannot create a valid lien on land. Galveston Exhibition Ass'n v. Perkins, 80 Tex. 62, 15 S.W. 633 (1891); McCallen v. Mogul Producing & Refining Co., 257 S.W. 918 (Tex.Civ.App.—Galveston 1923, dism'd, w. o. j.).

■ In this case the Roquemores had a contract to purchase the land involved and had paid a portion of the purchase price. However, in his contract with King, Roquemore agreed to sell King his interest in the land. He was obligated to purchase the property after the improvements were erected only if King could deliver a policy of title insurance guaranteeing the premises to be clear of all liens other than a lien securing the note to be executed for the balance of the purchase price. King secured a deed from Bernell, which conveyed the property to King. Roquemore

never had title to the land. He was a "prospective" owner at the time the contract with King was signed. There was no contract for the construction of improvements on the land in question to which the owner of the land was a party. The materialman contracted with King, the owner of record. In such a case the effective date of the materialman's lien is the date on which the first materials were delivered. McConnell v. Mortgage Investment Company of El Paso, 157 Tex. 572, 305 S.W.2d 280 (1957).

The motion for rehearing is granted, and the judgment of the trial court is affirmed.