## DEVELOPMENT DESIGN, INC.

### v.

## RAINBOW DEVELOPMENT, INC., et al.

### No. TY–75–278–CA.

United States District Court,
E. D. Texas,
Tyler Division.

Jan. 27, 1978.

Robert M. Parker, Nichols & Parker, Longview, Tex., for plaintiff.

Walter S. Fortney, III, Law, Snakard, Brown & Gambill, Fort Worth, Tex., for defendants, Raintree Lakes Property Owners Association, L. A. Henderson and Lester Mathis.

William D. Lawrence, Jr., Lawrence & Lawrence, Tyler, Tex., for defendant, Rainbow Development, Inc.

Leo A. Kissner, Houston, Tex., for defendant, Charles D. Patterson.

## MEMORANDUM DECISION AND ORDER

STEGER, District Judge.

This cause comes before the Court on motions for summary judgment filed by Plaintiff and Defendants, Rainbow Development, Inc., L. A. Henderson, and Lester Mathis. The issue before the Court is whether the Mechanic's and Materialman's Lien Affidavit filed by Plaintiff has priority over the Deed of Trust Lien foreclosed by Defendant Rainbow Development, Inc. The essential facts have been stipulated to by the parties. For identification purposes, the following abbreviations shall apply to the parties herein:

| | |
|---|---|
| Development Design, Inc.: | "Development" |
| Rainbow Development, Inc. and Raintree Lakes, Inc.: | "Rainbow" |
| Raintree Lakes, Ltd.: | "Raintree" |
| Raintree Lakes Property Owners Association: | "Association" |
| L. A. Henderson, President of Rainbow Development and Rainbow's registered agent for service of process: | "Henderson" |
| Lester Mathis, Vice President of Rainbow Development: | "Mathis" |

On June 9, 1973, Development entered into a contract with Raintree whereby Development agreed to provide certain material and engineering services in connection with the development of a tract of land.

Until June 29, 1973, Rainbow was the legal and record owner of the tract of land which is the subject of this lawsuit. On that date, Rainbow conveyed the land in question to Raintree by Warranty Deed

with Vendor's Lien retained. At the closing, Raintree executed a Promissory Note in the amount of four hundred fifty thousand dollars ($450,000.00) payable to Rainbow. The note was secured by Rainbow's Vendor's Lien and a Deed of Trust which also was executed at the closing. The Deed and Deed of Trust were filed in the appropriate Upshur County Records in July, 1973.

Development performed and furnished the contracted for services and materials, and then presented its billing statement for services rendered to Raintree. The bill was not paid and on November 12, 1974, Development filed its Mechanic's Lien Affidavit with the Upshur County Clerk.

Raintree also subsequently defaulted under the Deed of Trust, at which time Rainbow accelerated maturity of the Note, foreclosed and bought in the property at Trustee's Sale on December 3, 1974, for the outstanding balance on the Note $440,-466.64. Thereafter, Development brought suit against Defendants Rainbow, Henderson, and Mathis seeking (1) an order to set aside the previous foreclosure and sale by Rainbow; and (2) an order establishing Development's superior lien. As noted above, both Plaintiff and Defendants have filed motions for summary judgment.

Plaintiff contends that its Mechanic's Lien has priority over Defendant Rainbow's subsequently created and then later foreclosed Deed of Trust Lien. Defendants, on the other hand, assert that their purchase money Vendor's Lien and Deed of Trust Liens are superior to any mechanic's lien held by Development regardless of the inception date of such mechanic's lien.

Jurisdiction of this cause is based on diversity of citizenship and, under the *Erie* doctrine, the substantive law of the State of Texas must be applied. In determining what the substantive law is, this Court is bound by the statutory enactments of the State Legislature and the decisions of the Texas Supreme Court, *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and where the law is unclear and there is no decision by the state high court, this court must give " 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). See Wright, *Law of Federal Courts,* § 58 (3d ed. 1976).

Simply stated, the fact situation before the Court is as follows:

(1) Contractor (Plaintiff) enters into a contract with a *prospective* land owner to construct certain improvements and commences work on those improvements.

(2) The prospective land owner (Raintree) subsequently obtains financing and purchases the land. The lendor (Rainbow) advances purchase money funds and, to secure the indebtedness, reserves and receives vendor's and deed of trust liens.

(3) Contractor (Plaintiff) completes the improvements; however, owner (Raintree) defaults on the payments to the contractor (Plaintiff) and lendor (Rainbow).

(4) Contractor (Plaintiff) perfects its Mechanic's Lien; lendor (Rainbow) forecloses under its Deed of Trust and buys in the property at foreclosure sale.

It is against this factual framework that the Court addresses the arguments and authorities presented to it. The principal argument advanced by Plaintiff is that under Article 5459, Tex.Rev.Civ.Stat.Ann., its Mechanic's Lien, as a matter of law, is prior and superior to the Deed of Trust or Vendor's Lien which Defendant Rainbow possessed. Section 1 of Art. 5459 provides in pertinent part

The [mechanic's and materialman's] lien herein provided for shall attach to the . . . building [or] improvements . . . for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which the . . . buildings or improvements . . . have been put, or labor performed, and the person enforcing the same may have such . . . building or improvement . . . sold separately; provided, any lien, encumbrance, or mortgage on the land or improvement at the time of the inception of the lien here-

in provided for shall not be affected thereby, and holders of such liens need not be made parties in suits to foreclose liens herein provided for.[1]

In *Irving Lumber Company v. Alltex Mortgage Company*, 468 S.W.2d 341 (1971), the Texas Supreme Court addressed a fact situation and arguments similar to those in the instant case. In the *Irving Lumber* case, a developer, Merit Homes, orally contracted with Irving Lumber Company to furnish labor and material for certain construction on particular tracts of land *prior* to the time Merit acquired its interest in said tracts of land. Subsequently, Merit secured financing from Alltex Mortgage Company for title acquisition and development. Merit executed a promissory note to Alltex, secured by vendor's and deed of trust liens. Thereafter, Merit defaulted and Alltex foreclosed on its deed of trust. At the time of the foreclosure, Irving Lumber had furnished labor and materials toward the construction of houses on the land in question. Irving brought suit seeking a declaratory judgment establishing that its mechanic's lien was prior and superior to any other lien upon the land in question, and that its lien was not affected by the foreclosure and sale under the deed of trust by Alltex. After noting that the priority of a security interest is not determined on the date of the inception of an agreement between the contractor and a "prospective" owner, the Supreme Court observed that even if Irving had held a judgment lien on Merit and filed an abstract of judgment long before Merit acquired its ownership of the land, "the lien would not take priority over the deed of trust given to secure payment of purchase money and executed contemporaneously with the vesting of title in the judgment debtor." *Id.* at 343. The Court pointed out that "the lien of the judgment attaches only to the interest which the judgment debtor acquires, and the debtor's title is burdened by the lien of

the deed of trust." *Ibid.* The Court declared

The title of these lots passed to Merit Homes burdened by the deed of trust and security interest of Alltex in the same manner as if a prior owner had conveyed a partial interest before Merit Homes acquired its ownership in the lots. At least to the extent of the purchase money advanced, a superior title was held by Alltex. That superior title was secured by the deed of trust, and foreclosure and sale thereunder was effective to cut off any inferior lien on the land. *Ibid.*

■ This Court is of the opinion that post-*Irving* rulings by Texas intermediate courts are consistent with the import of the *Irving* decision in holding that:

(1) A mechanic's lien cannot antedate ownership of the land in question, and (2) where a purchase money deed of trust is executed contemporaneously with the vesting of title in the mortgagor, then the purchase money deed of trust lien has priority over a mechanic's lien since the title of the mortgagor is burdened instantly with the purchase money deed of trust lien before the mechanic's lien attached to the mortgagor's title. *Blaylock v. Dollar Inns of America, Inc.*, 548 S.W.2d 924 (Tex.Civ.App. —Tyler 1977); *also see Hagler v. Continental National Bank of Fort Worth*, 549 S.W.2d 250 (Tex.Civ.App.—Texarkana, 1977); *Habitat, Inc. v. McKanna*, 523 S.W.2d 787 (Tex.Civ.App.—Eastland 1974 n. w. h.); *Hubert Lumber Co. v. King*, 468 S.W.2d 503 (Tex.Civ.App.—Houston [1st Dist.] 1971, ref. n. r. e.).

Plaintiff further argues, however, that two Texas Supreme Court decisions since *Irving Lumber*, *Gulf Coast State Bank v. Nelms*, 525 S.W.2d 866 (Tex.1975), and *First National Bank in Dallas v. Whirlpool Corporation*, 517 S.W.2d 262 (Tex.1975), are supportive of its position that its mechanic's lien is entitled to priority. The Court finds

---

1. Section 2 of Art. 5459 provides different methods of ascertaining the inception date of the mechanic's and materialmen's lien. Since the Court is of the opinion, however, under the facts of this case and the state of the law in

Texas, that the inception time of the mechanic's lien is not determinative of the issue before the Court, the Court will not address that section of Art. 5459 or Plaintiff's arguments relating thereto.

both cases readily distinguishable on their facts from the instant case. The principal distinction to be drawn is that in both *Nelms* and *Whirlpool,* the owner of the property over which the priority of liens question arose had acquired ownership of said property *prior* to the time all liens arose. In the instant case, Raintree was only a *prospective* owner and did not own the subject real property when it contracted for materials and engineering services. Further, *Nelms* involved a conflict between liens on personal rather than real property. In addition, while real property was involved in *Whirlpool,* the Texas high court in addressing the priority of liens question had before it a situation in which it could rely on the well established rule that "a mechanic's . . . lien upon improvements made is superior to a prior recorded deed of trust lien where the improvements made can be removed without material injury to the land and pre-existing improvements, or to the improvements removed." *First National Bank in Dallas v. Whirlpool Corp., supra* at 269. Improvements of that nature are not present in the instant case.

■ Accordingly, the Court holds that where a vendor's and deed of trust liens were executed contemporaneously with the vesting of title in the mortgagor, such liens have priority over a mechanic's lien to the extent of the purchase money loaned on the property *regardless* of the inception date of the mechanic's lien.

The Court further holds that in a situation such as is before the Court, the Vendor's and Deed of Trust Liens are superior to the Mechanic's Lien, and therefore foreclosure and sale of the same cut off the inferior Mechanic's Lien on the land. *See Irving Lumber Company v. Alltex Mortgage Company, supra; also Blaylock v. Dollar Inns of America, Inc., supra.*

It is therefore ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment of Defendants, Rainbow, Henderson, and Mathis, be, and the same is hereby, GRANTED.